NO. 07-07-0144-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 16, 2007


______________________________




IN RE JAMES MILLER



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS

 Relator James Miller brings this original proceeding seeking a writ of mandamus (1)
against the Honorable Jim Bob Darnell, judge of the 140th District Court and the Lubbock
County district clerk. Relator's petition arises from a motion he filed in the 140th District
Court seeking access to the trial record from a trial at which he was acquitted of
manufacturing and possessing methamphetamine. Relator wants the record to use in
preparing a petition seeking habeas corpus relief from his subsequent convictions for
possession of an immediate precursor chemical and anhydrous ammonia with intent to
manufacture methamphetamine, arising from the same events. For the reasons set out
below, we deny the petition.

 Relator was charged in a May 2003 indictment containing the four counts described. 
Trial of the first two counts in December 2003 resulted in his acquittal. When the State
sought to try relator on the remaining two counts he asserted a plea of jeopardy. The trial
court denied the plea and the remaining counts were tried in April 2004 resulting in relator's
conviction. We affirmed that conviction on direct appeal. Miller v. State, No. 07-04-0332-CR, 2006 WL 798065 (Tex.App.-Amarillo March 29, 2006, pet. ref'd). We rejected
relator's double jeopardy claim on the basis the first and second trials did not involve the
same offense. Id. at 8. We also overruled his argument that collateral estoppel barred use
of evidence which he alleged had also been admitted at the first trial. Id. at 11.

 Arguing he needs the record from the December 2003 trial to prepare a petition for
habeas corpus, relator filed a motion in the trial court requesting an order directing the
district clerk to "provide or loan" a copy of the record from that trial. The motion was
submitted without a cause number and recited that the proposed petition for habeas corpus
relief will assert claims of double jeopardy, suppression of evidence, collateral estoppel and
ineffective assistance of counsel. In the motion relator also requested a hearing. The trial
court denied relator's request for a hearing by written order, which was filed under the
cause number of relator's second trial. Relator's present petition seeks to have this court
direct Judge Darnell to hold a hearing on his motion and direct the trial court clerk to
provide or loan a copy of the 2003 record.

 Our power of mandamus is defined and limited by Section 22.221 of the
Government Code. Tex. Gov't Code Ann. § 22.221 (Vernon 2004). It extends to a district
or county court judge in our court of appeals district or as necessary to enforce our
jurisdiction. We have no power to issue a writ of mandamus to a district clerk unless
necessary to enforce our jurisdiction. Id. A convicted person's access to a trial record for
use in preparing a petition for habeas corpus does not affect our jurisdiction. In re
Coronado, 980 S.W.2d 691, 692 (Tex.App.-San Antonio 1998) (orig. proceeding). 

 Mandamus is an extraordinary remedy that will issue to correct a clear abuse of
discretion when there is no other adequate remedy by law. See In re D. Wilson Const. Co.,
196 S.W.3d 774, 780 (Tex. 2006); Healey v. McMeans, 884 S.W.2d 772, 780
(Tex.Crim.App. 1994). It is the relator's burden to show entitlement to the relief being
requested. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)
(orig. proceeding). To establish entitlement to the issuance of a writ of mandamus
compelling a trial court to consider and rule on a pending motion, the relator bears the
burden to establish that (1) the trial court had a legal duty to perform, (2) relator made a
demand for performance of this duty, and (3) the trial court refused to act. Stoner v.
Massey, 586 S.W.2d 843, 846 (Tex. 1979). Relator has failed to establish these elements.

 Contending mandamus may issue to enforce the trial court's legal duty to act on
motions in a reasonable time, relator cites In re Christensen, 39 S.W.3d 250
(Tex.App.-Amarillo 2000, orig. proceeding), Barnes v. State, 832 S.W.2d 424
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding), and Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Unlike those cases,
here relator's petition and attached documents show the trial court has ruled on his request
for a hearing. Because the trial court has not refused to act, the authority on which relator
relies does not show his entitlement to the relief requested.

 Relator also challenges the merits of Judge Darnell's ruling, but he offers no
authority establishing the trial court had a legal duty to hold a hearing on his motion. 
Relator cites Eubanks v. Mullin, 909 S.W.2d 574 (Tex.App.-Fort Worth 1995, orig.
proceeding), in which the court enunciated standards under which an indigent defendant
might have a right of access to the record of a prior proceeding if necessary to present a
meritorious claim through habeas corpus. 909 S.W.2d at 576 (enunciating standard but
finding relator failed to meet it). See also Coronado, 980 S.W.2d at 693 (reciting same
standard but holding court had no mandamus authority over district clerk). The opinions
in Eubanks and Coronado do not address the source of a trial court's authority to consider
the merits of the requests presented. (2) We find no express authority in the Code of Criminal
Procedure for a party to initiate a proceeding in the trial court by filing a motion like that
relator filed in the 140th District Court. (3) Cf. Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon
2007) (authorizing request for post-conviction DNA testing to be made by motion). (4) Nor
are we able to find any instance in which a court of appeals has used its mandamus
authority to enforce the right of access to records that Eubanks and Coronado posit. We find relator in this case has not shown he has no other adequate remedy by law. 
See In re D. Wilson Const. Co., 196 S.W.3d at 780. Article 11.07 of the Code of Criminal
Procedure governing habeas corpus relief suggests relator has an adequate remedy by
affording him an opportunity to show the need for the records of his 2003 trial. Section 3
of that statute directs a trial court to determine if there are controverted, previously
unresolved material facts and authorizes resolution of those issues by affidavits,
depositions, interrogatories, hearings, and the court's personal recollection. Tex. Code
Crim. Proc. Ann. art. 11.07 § 3(c), (d) (Vernon 2005). Use of a habeas corpus hearing to
develop facts not shown in the existing record is illustrated in Ex parte Preston, 833
S.W.2d 515, 519 (Tex.Crim.App. 1992) (op. on rehearing). The petitioner there also
sought habeas corpus relief alleging multiple trials on a single indictment violated
protections against double jeopardy. Id. at 516. The facts surrounding the disposition of
untried counts were developed in a hearing on relator's application for a writ of habeas
corpus. Id. at 519. 

 Finding relator here has failed to establish his entitlement to the mandamus relief
requested, we deny the petition. 

 James T. Campbell

 Justice 


 

1. Relator has also filed a motion for leave to file his petition for writ of mandamus. 
Because leave to file is no longer required we do not address that motion. See Tex. R.
App. P. 52.1. 
2. See also Escobar v. State, 880 S.W.2d 782 (Tex.App.-Houston [1st Dist.] 1993),
dealing with a motion filed directly with the court of appeals, seeking trial records for
preparation of a habeas corpus application. Rejecting the movant's request, the court
found neither a constitutional requirement that the records be provided nor a statutory
authority for the court to grant his request.
3. Federal law provides a procedure for a habeas corpus petitioner to have a judge
certify the suit is not frivolous and a free record is needed to decide an issue presented. 
See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 327-328, 96 S.Ct.
2086, 48 L.Ed.2d 666 (1976). Texas has no statute like 28 U.S.C. section 753(f). 
Eubanks, 909 S.W.2d at 576.
4. More recently, the Corpus Christi court of appeals considered its jurisdiction to
review a mandamus petition seeking a record for the purpose of pursuing post-conviction
habeas relief. In re Trevino, 79 S.W.3d 795 (Tex.App.-Corpus Christi 2002, orig.
proceeding). The court found it had no jurisdiction to consider the petition and dismissed
it. Id. at 796. The Tyler court of appeals followed the same course in In re Donnell, No.
12-06-0092-CV, 2006 WL 859658 (Tex.App.-Tyler March 31, 2006, orig. proceeding). 
This court has not as yet concluded it lacks jurisdiction to consider mandamus petitions
seeking such relief. See In re Cox, No. 07-0600271-CV, 2006 WL 2010901
(Tex.App.-Amarillo July 19, 2006, orig. proceeding); In re Johnson, No. 07-04-0558-CV,
2004 WL 2792191 (Tex.App.-Amarillo Dec. 3, 2004, orig. proceeding).


'Arial', sans-serif"> By letter, this
Court granted Appellant thirty days in which to exercise her right to file a response to
counsel’s brief, should she be so inclined. Id. at 409 n.23. Appellant did file a response.
However, the State did not favor us with a brief.
          On July 2, 2008, Officer Jacob Diaz initiated a traffic stop of Appellant for expired
registration. Appellant and the officer pulled into a parking lot. Officer Diaz asked
Appellant to exit the vehicle, issued her a citation, then informed her she was free to leave. 
When she opened the door to enter her vehicle, he observed a white crystalline substance
on the carpet between the door and driver’s seat. According to Officer Diaz’s testimony,
when he inquired about the substance, Appellant admitted it was methamphetamine and
that she was trying to dispose of it.
          During the plea hearing, Appellant testified that she had recently used marihuana
and methamphetamine. During cross-examination, she admitted to a prior misdemeanor
and felony conviction. She had been placed on community supervision for the felony
conviction and was later revoked after pleading true to twelve violations of the terms and
conditions thereof. Appellant requested that the trial court grant her either community
supervision or allow her to enter a rehabilitation program. At the conclusion of the hearing,
the trial court announced its decision to sentence her to confinement. The trial court was
convinced Appellant would not change unless she was “separated from the dope scene
entirely.”
          At the behest of Appellant, counsel presents two arguable issues: (1) Appellant’s
plea was involuntary and (2) the trial court erred in denying Appellant’s request for
probation. Counsel then concludes that the record and legal authorities do not support
reversal of Appellant’s conviction on either issue.



          By her pro se response, Appellant maintains her trial attorney rendered ineffective
assistance of counsel. After a review of the record before us, we conclude that under the
standard of review provided by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), Appellant has not demonstrated that her counsel’s performance
fell below an objective standard.
          We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counsel’s brief, and Appellant’s pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgments
are affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.