### In re Lionel TREVINO.

### No. 13–02–351–CR.

Court of Appeals of Texas, Corpus Christi.

June 20, 2002.

---

Lionel Trevino, RaSharon, pro se.

Carlos Valdez, Nueces County Dist. Atty., Corpus Christi, for real party in interest.

BEFORE: Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## ORDER

PER CURIAM.

Relator, Lionel Trevino, an inmate presently incarcerated at the C.T. Terrell Unit of the Texas Department of Criminal Justice in Brazoria County, Texas, has filed a petition for writ of mandamus. Relator asks this Court to compel the 28th Judicial District Court to forward a complete copy of transcripts and evidence from his conviction for involuntary manslaughter in cause number 92–CR–533–A. We take judicial notice that on August 31, 1999, this Court issued an opinion on direct appeal in appellate cause number 13–98–151–CR, affirming relator's conviction. Further, we take judicial notice that the Texas Court of Criminal Appeals refused Trevino's petition for discretionary review on April 19, 2000, and mandate issued from this Court on June 7, 2000. Moreover, relator has informed this Court that on November 7, 2001, the court of criminal appeals denied his application for writ of habeas corpus. Relator is requesting the record in this case to assist him in his "post-conviction relief efforts."

We conclude we do not have jurisdiction over relator's request. *See* Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2002) (governing scope of mandamus power of a court of appeals); *see also* Tex. Gov't Code Ann. § 24.011 (Vernon 1988) (governing scope of mandamus power in district court). As relator's conviction has already been affirmed, his petition for review has been denied, and mandate has issued, we no longer have jurisdiction over appellate cause number 13–98–151–CR. Furthermore, courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* Tex. Code Crim.Proc.Ann. art. 11.07, § 3 (Vernon Supp.2002); *Bd. of Pardons and Paroles ex. rel. Keene v. Ct.App. for the Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.

Crim.App.1995). Because relator requests the record for the purposes of pursuing post-conviction relief, we have no jurisdiction to consider the merits of relator's petition.

■ Furthermore, we note that an indigent criminal defendant is not entitled to a free clerk's record or reporter's record once he has exhausted his state appeals, absent some compelling recognized reason. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex.App.—Houston [1st Dist.] 1999, orig. proceeding). Nor is an indigent criminal defendant entitled to a free clerk's record or reporter's record under the Texas Open Records Act.[1] *See* TEX. GOV'T CODE ANN. § 552.021 (public information available from governmental body); *see also* TEX. GOV'T CODE ANN. §§ 552.003(1)(B) (government body does not include the judiciary), 552.0035(a) (access to information maintained by judiciary governed by rules adopted by Texas Supreme Court or other applicable laws and rules), 552.261 (cost of providing information) (Vernon Supp. 2002).

Accordingly, we dismiss relator's petition for want of jurisdiction.

---

**1.** As relator's case was appealed to this Court, the original record is in the possession of this Court as required by section 51.204(a)(1) of the Texas Government Code. TEX. GOV'T CODE ANN. § 51.204(a)(1) (Vernon Supp.2002). Relator, his agent, or anyone else would be entitled to view the record at this Court. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Relator also retains the right to obtain a copy of the record by making appropriate arrangements, including payment for the cost of copying the records.