NO. 07-03-0103-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2003

_____

IN RE CHRISTOPHER W. BUNCH, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION[1]

In this original proceeding relator Christopher W. Bunch seeks a writ of mandamus directing the district court to conduct a hearing on his motion to obtain a copy of the record in his prosecution for the felony offense of possession of a controlled substance. For the reason set out below, we deny relator's request.

Relator was convicted of possession of methamphetamine in cause number 13,131-B in the 181st District Court and sentenced to 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

_____

[1]Tex.R.App.Proc. 47.4.

According to relator's petition, he filed a motion in the 181ˢᵗ District Court on December 3, 2002, requesting a "free copy of the trial court records" or, in the alternative, the loan of such records, in cause number 13,131-B, and attached an affidavit of indigence. With his motion, relator states he filed a request to the district clerk for a hearing date. Neither the trial court or the district clerk have made any response to his motion.

Although relator's petition contains several defects in form, *see* Tex.R.App.Proc. 52.3, there are more substantive reasons why it must be denied.

We first consider our jurisdiction to act on relator's request. Relator apparently seeks the records to assist him with his pursuit of post-conviction relief. Under Article 11.07 of the Code of Criminal Procedure, post-conviction writs of habeas corpus in felony cases are returnable to the Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07 §3 (Vernon Supp. 2003). The Corpus Christi court of appeals recently concluded that it lacked jurisdiction over a petition similar to that filed by relator. *In re Trevino*, 79 S.W.3d 794 (Tex.App.–Corpus Christi 2002) (orig. proceeding). In that case, though, the court of appeals was asked to compel the district court to forward copies of records to the relator "to assist him in his post-conviction relief efforts." *Id*. at 795; *see also Escobar v. State*, 880 S.W.2d 782, 783 (Tex.App.–Houston [1ˢᵗ Dist.] 1993, no pet.). Here, relator's petition simply asks that we direct the district court to hold a hearing and determine whether he is entitled to the records he seeks.[2] We would not presume the outcome of such a hearing,

---

[2]There is authority that indigent criminal defendants are generally not entitled to free clerk's or reporter's records from their conviction for the purpose of preparing applications for post-conviction habeas corpus relief. *See, In re Trevino, supra*; *Escobar, supra*. We need not consider here whether relator is entitled to the records he seeks.

nor would we even presume that the district court would find that it had jurisdiction to grant relator's request. We do not lack jurisdiction, though, to direct that a district court consider and rule on a motion properly filed and before that court. *See In re Christensen*, 39 S.W.3d 250 (Tex.App.–Amarillo 2000) (orig. proceeding).

At this court's request, the Honorable John B. Board, Judge of the 181st District Court, has submitted a response to relator's petition. Judge Board states that his court's file does not contain the petition relator claims to have filed, and that he has no independent recollection of having received such a pleading from relator.

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). The writ sought by relator here, directing the consideration of a pleading he has filed with a trial court, would issue only on a clear showing that the respondent has a legal duty to perform a nondiscretionary or ministerial act; that he has been requested to perform the act; and that he has refused to do so. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992) (orig. proceeding) (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)). The relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. *Walker*, 827 S.W.2d at 837-39. Here, relator has failed to meet that burden.

Naturally, if relator's motion was not properly filed with the district court, the court can have no duty with respect to it. Moreover, even if relator filed such a motion, he has not provided this court with a record showing that, after he filed the motion, he asked the

3

district court for a hearing and a ruling on the motion and the district court refused him such a hearing and ruling. As in *Barnes*, the record before us does not reflect that relator has taken any action to alert the district court that it has not yet considered his motion. *Barnes*, 832 S.W.2d at 426. Indeed, we have nothing in the record before us to demonstrate that the district court even was aware of relator's motion before our request for the court's response. We have only the statement in relator's petition that he filed with his motion a request to the district clerk for a hearing date. Such a statement falls considerably short of the record required to demonstrate relator's entitlement to the extraordinary relief of mandamus.[3] *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding); *Christensen*, 39 S.W.3d at 251; *Barnes*, 832 S.W.2d at 426.

The petition for writ of mandamus is denied.

Per curiam.

---

[3]On direct appeal of his conviction to this court, appellant's challenges included claims of ineffective assistance of counsel. After addressing each of the alleged deficiencies shown in the record, we then considered relator's challenge to the standard for determining the effectiveness of counsel on direct appeal. He there argued that the use of a presumption that counsel rendered adequate assistance with respect to any issue not appearing in the record violated his right to counsel under the sixth amendment to the U.S. Constitution. *Bunch v. State*, No. 07-01-171-CR, at 14 (Tex.App.–Amarillo June 3, 2002, no pet.). This is so, he argued, because the avenue for developing evidence of ineffectiveness not shown in the record through habeas corpus is inadequate because, unlike on direct appeal, he would not have assistance of counsel. *Id.* We noted that this court is constrained to follow the law as enunciated by the Court of Criminal Appeals, overruled his challenges, and affirmed his conviction on June 3, 2002. *Id.* We recognize that relator's difficulties with this *pro se* petition may illustrate the concern he expressed on direct appeal. We cannot excuse relator from the requirement that he demonstrate entitlement to the relief he requests, though, simply because he is proceeding *pro se*. *See In re Chavez*, 62 S.W.3d 225, 227 (Tex.App.–Amarillo 2001) (orig. proceeding); *Barnes*, 832 S.W.2d at 426.