NO. 07-04-0429-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 25, 2005


______________________________



IN THE INTEREST OF S.M.C. AND D.D.C., CHILDREN


_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 11,431; HON. PHIL N. VANDERPOOL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Jennifer Carpenter appeals from an order terminating her parental relationship with
S.M.C. and D.D.C. Her three issues involve the trial court's 1) refusal to dismiss the suit,
2) finding that Floyd Willie Scales was the father of S.M.C., and 3) the appointment of
Scales and his wife, Melissa, as joint managing conservators. We affirm the judgment of
the trial court.

 Regarding her first issue, Carpenter asserts that the trial court should have
dismissed the suit because the amended petition of the Texas Department of Protective
and Regulatory Services (DPRS) failed to comply with statute. The statute in question is
§262.101 of the Texas Family Code, and provides that an "original suit filed by a
governmental entity that requests permission to take possession of a child without prior
notice and a hearing must be supported by an affidavit . . . ." Tex. Fam. Code Ann.
§262.101 (Vernon 2002) (emphasis added). Moreover, the DPRS allegedly failed to
comply with the directive because it did not attach an affidavit to its amended petition,
though one such affidavit was indeed attached to its original petition. 

 The record discloses that before the amended pleading was filed, the trial court not
only had issued an order allowing the DPRS to take possession of the children without
notice and hearing but also had conducted an adversarial, evidentiary hearing to assess
whether the Department should retain temporary possession of them pending final
adjudication of the suit. And, after hearing evidence and reviewing the affidavit attached
to the original petition, the trial court found that returning the children would be contrary to
their welfare and, therefore, continued their possession with the DPRS. 

 Given the foregoing circumstances, it is obvious that when the amended petition was
filed, the DPRS was not requesting permission to obtain possession of the children "without
prior notice and hearing." Again, it already had secured their possession by court order
issued after notice and hearing. Consequently, §262.101 of the Family Code did not apply
when Carpenter orally moved to dismiss the suit.

 As to the second and third issues raised by Carpenter, we find them moot due to her
loss of standing. Carpenter did not appeal the trial court's findings terminating her parental
relationship with S.M.C. and D.D.C. Thus, they are binding upon her. Moreover, upon the
termination of that relationship, she lost all legal right with respect to the children. Tex.
Fam. Code Ann. §161.206(b) (Vernon Supp. 2004-05). And, having no legal right with
respect to the children, she has no standing to attack those portions of the final order
finding Scales to be the father of S.M.C. and appointing him and his wife as managing
conservators. See In re Lambert, 993 S.W.2d 123, 132 (Tex. App.-San Antonio 1999, orig.
proceeding) (stating that former parents lack standing to invoke the trial court's jurisdiction
over managing conservatorship issues); Glover v. Moore, 536 S.W.2d 78, 79-80 (Tex. Civ.
App.-Eastland 1976, no writ) (holding that an order of termination completely severs the
parent/child relationship and divests the former parent of any justiciable interest in the
conservatorship of the child). And, because she has no standing to attack them, issues two
and three are moot.

 Accordingly, the trial court's judgment is affirmed.


 Brian Quinn

 Justice 

 




nied) (holding that a court has the inherent
authority to control its own docket). Since that power is discretionary, Hoggett v. Brown,
971 S.W.2d 472, 495 (Tex. App.-Houston [14th Dist.] 1997, pet. denied), we must be wary
of interfering with its exercise without legitimate basis. And, since the party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his right
to same, Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Bates, 65 S.W.3d at
135, Gutierrez had the obligation to provide us with a record establishing that a properly
filed motion has awaited disposition for an unreasonable length of time. He has not done
that. 

 The record before us merely illustrates that Gutierrez purportedly filed his motion
with the 154th Judicial District Court of Lamb County. Yet, no other evidence purporting to
touch upon the indicia discussed in the preceding paragraph appears of record. And,
because we do not hold that the district court's failure to act upon a motion about which it
may have no knowledge constitutes unreasonable delay per se, Gutierrez failed to satisfy
his burden of proof. 

 Next, Gutierrez seeks the record in effort to determine whether grounds exist to
attack his 2003 conviction via habeas corpus under art. 11.07 of the Code of Criminal
Procedure. Attempting to prosecute such a writ evinces that he exhausted his direct
appeals. See Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one
must first exhaust his direct appeals before invoking art. 11.07). His direct appeals being
exhausted, he is not entitled to a free record. In re McCarty, No. 08-05-0355-CR, 2005
Tex. App. Lexis 10197 (Tex. App.-El Paso December 8, 2005, orig. proceeding); In re
Trevino, 79 S.W.3d 794, 795-96 (Tex. App.-Corpus Christi 2002, orig. proceeding). Thus,
the relief Gutierrez ultimately seeks from the trial court is not permitted by law, without a
showing of exceptional circumstances, In re Trevino, supra, and we have been cited to no
such circumstances. 

 Accordingly, the application for writ of mandamus pending before this court is
denied.

 

 Brian Quinn 

 Chief Justice 







 
1. Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig.
proceeding). Thus, Gutierrez must prove that the trial court received notice of the pleading. Id. Merely
alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. Id.