COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )              
No.  08-05-00355-CR

                                                                              )

IN RE:  CHARLES MCCARTY                           )     AN
ORIGINAL PROCEEDING

                                                                              )

                                                                              )                 IN MANDAMUS

                                                                              )

                                                                              )

 

 

OPINION
ON PETITION FOR WRIT OF MANDAMUS

 

Relator Charles
McCarty seeks a writ of mandamus compelling the trial court to provide the
record requested in his motion to obtain the trial records for purposes of
filing a petition for writ of habeas corpus.








To obtain mandamus
relief in a criminal matter, the relator must establish that (1) the act sought
to be compelled is ministerial, and (2) there is no adequate remedy at
law.  Dickens v. Court of Appeals for
Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex.Crim.App.
1987).  AAn
act is >ministerial= if it constitutes a duty clearly fixed
and required by law.@  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex.Crim.App. 1987).  An
indigent criminal defendant is not entitled to a free transcription of prior
proceedings for use in pursuing post-conviction habeas corpus relief.  See In re Trevino, 79 S.W.3d 794, 796
(Tex.App.--Corpus Christi 2002, orig. proceeding); Eubanks v. Mullin,
909 S.W.2d 574, 577 (Tex.App.--Fort Worth 1995, orig. proceeding ); Escobar
v. State, 880 S.W.2d 782, 783-84 (Tex.App.--Houston [1st Dist.] 1993, no
pet.).  Thus, the act that Relator seeks
to compel is not one that is clearly required by law.  Moreover, this Court does not have
jurisdiction in final post-conviction felony proceedings.  See Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex.Crim.App. 1991); In re McAfee, 53 S.W.3d 715,
718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, the
petition for writ of mandamus is denied.

 

 

 

December
8, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)