NO. 07-06-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 19, 2006
_____

In re MICHAEL COX,

Relator
_____

***ON PETITION FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Pending before this court is the petition of Michael Cox for a writ of mandamus. He requests that we order the "99th District Court to grant and provide [him]" the clerk's record in cause number 92-415-137 along with the court reporter's record. We deny the application.

The pertinent rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the motion requesting a copy of the pertinent records and the order or orders denying it. None of those items were provided by Cox. And, even though he represents that the motion and order or orders were mistakenly sent to the Court of Criminal Appeals, this does not relieve him from the obligation to provide same with his petition for writ of mandamus. Nor does

his status as a *pro se* litigant relieve him of complying with the rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).[1]

Accordingly, the petition for writ of mandamus pending before this court is denied.


Per Curiam

---

[1]According to Cox's petition, he requires the trial court records to prepare a petition for habeas relief under article 11.07 of the Texas Code of Criminal Procedure of which we lack jurisdiction. *See In re Trevino*, 79 S.W.3d 794 (Tex. App.—Corpus Christi 2002) (orig. proceeding) (wherein the court held that it lacked jurisdiction over a petition for mandamus relief when relator was requesting court records to aid in preparing an 11.07 writ).