NO. 07-07-0252-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 5, 2007


______________________________



In re JOE RAYFORD BROOKS, 



 Relator

_______________________________


 

On Petition for Writ of Mandamus


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before this court is the application of Joe Rayford Brooks for writ of
mandamus. The petition does not clearly request this court to order the 137th District Court
of Lubbock County to act upon any particular motion filed with that court. Instead, it
appears Brooks wants a free appellate record provided to him for the purpose of "preparing
application of habeas corpus" and represents that the trial court "should have forward [sic]
appeallate [sic] record when [Brooks] requested." For the following reasons, we deny the
application.

 First, Rule 52 of the appellate rules requires the application for extraordinary relief
to include a 1) section identifying the parties and counsel, 2) table of contents, 3) index of
authorities, 4) statement of the case, and 5) statement of the issues presented. Tex. R.
App. P. 52.3. Each is missing from Brooks' application, and that he may be acting pro se
does not relieve him of complying with those rules. Holt v. F.F. Enters., 990 S.W.2d 756,
759 (Tex. App.-Amarillo 1998, pet. denied). Also missing is an appendix containing a
"certified or sworn copy of . . . [the] document[s] showing the matter complained of." Tex.
R. App. P. 52.3(j). In this case, the matter complained of would be the request for a free
record, if same was a written request.

 Next, Brooks seeks the record in effort to determine whether grounds exist to attack
his prior conviction via habeas corpus under art. 11.07 of the Code of Criminal Procedure. 
This court affirmed his conviction on April 13, 2006, in this court's cause number 07-05-0162-CR, thereby exhausting his direct appeal. See Ex parte Brown, 662 S.W.2d 3, 4
(Tex. Crim. App. 1983) (stating that one must first exhaust his direct appeals before
invoking art. 11.07). His direct appeals being exhausted, he is generally not entitled to a
free record. In re McCarty, No. 08-05-0355-CR, 2005 Tex. App. Lexis 10197 at *1 (Tex.
App.-El Paso December 8, 2005, orig. proceeding); In re Trevino, 79 S.W.3d 794, 795-96
(Tex. App.-Corpus Christi 2002, orig. proceeding). Thus, the relief Brooks ultimately seeks
from the trial court is not permitted by law, without a showing of exceptional circumstances
as explained in In re Miller, No. 07-07-0144-CV, 2007 Tex. App. lexis 3764 (Tex. App.-
Amarillo May 16, 2007, orig. proceeding), and we have been cited to no such
circumstances. 

 Accordingly, the application for writ of mandamus pending before this court is
denied.

 Brian Quinn 

 Chief Justice



al court signed on November 5, 2002, an order discharging appellant from probation. 
However, an order vacating the November 5th decree and a judgment revoking appellant's community
supervision were signed on December 5, 2002, and May 14, 2003, respectively.
2. We do not consider appellant's reference to Ex parte Donaldson, 86 S.W.2d 231 (Tex. Crim. App.
2002) as either direct or analogous support for this particular issue. This is so because it did not purport to
address a situation wherein the court previously executed an order discharging the appellant from probation. 
Nor does he argue that Donaldson actually applies to the specific question before us.
3. We make no comment on whether this issue may be addressed via habeas corpus pursuant to article
11.07 of the Texas Code of Criminal Procedure.