NO. 07-07-0252-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 5, 2007
_____

In re JOE RAYFORD BROOKS,

Relator
_____

***On Petition for Writ of Mandamus***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the application of Joe Rayford Brooks for writ of mandamus. The petition does not clearly request this court to order the 137th District Court of Lubbock County to act upon any particular motion filed with that court. Instead, it appears Brooks wants a free appellate record provided to him for the purpose of "preparing application of habeas corpus" and represents that the trial court "should have forward [sic] appeallate [sic] record when [Brooks] requested." For the following reasons, we deny the application.

First, Rule 52 of the appellate rules requires the application for extraordinary relief to include a 1) section identifying the parties and counsel, 2) table of contents, 3) index of authorities, 4) statement of the case, and 5) statement of the issues presented. TEX. R. APP. P. 52.3. Each is missing from Brooks' application, and that he may be acting *pro se* does not relieve him of complying with those rules. *Holt v. F.F. Enters.*, 990 S.W.2d 756,

759 (Tex. App.–Amarillo 1998, pet. denied). Also missing is an appendix containing a "certified or sworn copy of . . . [the] document[s] showing the matter complained of." TEX. R. APP. P. 52.3(j). In this case, the matter complained of would be the request for a free record, if same was a written request.

Next, Brooks seeks the record in effort to determine whether grounds exist to attack his prior conviction via habeas corpus under art. 11.07 of the Code of Criminal Procedure. This court affirmed his conviction on April 13, 2006, in this court's cause number 07-05-0162-CR, thereby exhausting his direct appeal. *See Ex parte Brown,* 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one must first exhaust his direct appeals before invoking art. 11.07). His direct appeals being exhausted, he is generally not entitled to a free record. *In re McCarty*, No. 08-05-0355-CR, 2005 Tex. App. LEXIS 10197 at *1 (Tex. App.–El Paso December 8, 2005, orig. proceeding); *In re Trevino*, 79 S.W.3d 794, 795-96 (Tex. App.–Corpus Christi 2002, orig. proceeding). Thus, the relief Brooks ultimately seeks from the trial court is not permitted by law, without a showing of exceptional circumstances as explained in *In re Miller,* No. 07-07-0144-CV, 2007 Tex. App. LEXIS 3764 (Tex. App.–Amarillo May 16, 2007, orig. proceeding)*,* and we have been cited to no such circumstances.

Accordingly, the application for writ of mandamus pending before this court is denied.

Brian Quinn
Chief Justice

2