IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00351-CR

 

In re
Melvin Ray Wright

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Melvin Ray Wright seeks a writ of
mandamus to obtain reversal of his 2005 felony conviction for deadly conduct and/or
deletion of an affirmative deadly weapon finding contained in the judgment of
conviction.  Wright presents three issues: (1) the trial court “did not perform
his ministerial duty” by conducting a hearing in Wright’s absence; (2) the
trial court abused its discretion by entering an affirmative deadly weapon
finding; and (3) the trial court’s successor in office abused his discretion by
not ruling on Wright’s motion for judgment nunc pro tunc in which Wright
alleged that the conviction should be reversed due to insufficient evidence.

            Wright’s mandamus petition constitutes
a collateral attack on the judgment of conviction.  However, “the exclusive
post-conviction remedy in final felony convictions in Texas courts is through a
writ of habeas corpus pursuant to [article] 11.07” of the Code of Criminal
Procedure.  Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006,
no pet.) (quoting Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App.
1996)).  This Court does not have jurisdiction to entertain a post-conviction
felony habeas application.  Id.; In re Trevino, 79 S.W.3d 794,
795 (Tex. App.—Corpus Christi 2002, orig. proceeding) (per curiam).

            Therefore, we dismiss Wright’s
petition for want of jurisdiction.  See Trevino, 79 S.W.3d at 796.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition dismissed

Opinion delivered and
filed November 28, 2007

Do not publish

[OT06]








 






-align: justify; margin-left: 0.3in; margin-right: 0.3in">(b) Criminal Cases. The appeal may be dismissed if the appellant withdraws his notice
of appeal at any time prior to the decision of the appellate court. The withdrawal shall
be in writing signed by the appellant and his counsel and filed in duplicate with the clerk
of the court of appeals in which the appeal is pending . . . . Notice of the dismissal shall
be sent to the clerk of the trial court in which notice of appeal was filed. 
Tex. R. App. P. 59(b).
      We have not issued a decision in this appeal. The motion is signed by Webber and signed and
sworn to by his attorney. Thus, the motion meets the requirements of the rules and is granted.
      Webber's appeal is dismissed.

                                                                               PER CURIAM

Before   Justice Cummings, and
            Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed April 24, 1996
Do not publish