NUMBERS 13-07-709-CR 

 13-07-710-CR


COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE: ALEJANDRO LOYO LONGORIA, JR


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


 MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Per Curiam Memorandum Opinion (1)



 Relator, Alejandro Loyo Longoria, Jr., filed petitions for writ of mandamus in the
above causes (2) on November 26, 2007, requesting this Court to compel the respondent,
the Honorable Noe Gonzalez, presiding judge of the 370th District Court of Hidalgo County,
Texas, to rule on his motion for a free clerk's record and reporter's record of trial
proceedings in trial court cause number CR-2617-03-G and CR-2608-03-G for use in a
contemplated habeas proceeding. We deny the petitions.

 Relators' petitions do not meet the requirements of Rule 52.3 of the Rules of
Appellate Procedure. See Tex. R. App. P. 52.3. Even if they did, relator has not shown
himself entitled to the relief sought. Relator has not demonstrated that respondent
expressly refused to rule on relator's motion or that an unreasonable amount of time has
passed since the motion was filed. See In re Miller, No. 07-07-0144-CV, 2007 Tex. App.
LEXIS 3764, at *4 (Tex. App.--Amarillo May 16, 2007, orig. proceeding). Furthermore, "an
indigent criminal defendant is not entitled to a free clerk's record or reporter's record once
he has exhausted his state appeals, absent some compelling recognized reason." In re
Trevino, 79 S.W.3d 794, 796 (Tex. App.-Corpus Christi 2002, orig. proceeding). To obtain
a free record for use in a habeas proceeding, the relator must show that the habeas action
is not frivolous by making a specific showing of the issues to be raised in the habeas
proceeding and a specific need for the transcript to demonstrate the right to habeas relief,
including demonstrating his inability to pay for a transcript. See Eubanks v. Mullin, 909
S.W.2d 574, 576-77 (Tex. App.-Fort Worth 1995, orig. proceeding). Accordingly, the
petitions for writ of mandamus are DENIED. See Tex. R. App. P. 52.8(a). 

 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 4th day of December, 2007.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. We have assigned separate cause numbers to these proceedings because the motion filed by
relator in the trial court related to two separate trial court cause numbers. However, we now consolidate these
proceedings for disposition.