NO. 07-08-0098-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008

_____

In re ALBERTO GOMEZ,

Relator

_____

***Opinion on Original Proceeding for Writ of Mandamus***
_____

Before QUINN, C.J., and CAMPBELL AND HANCOCK, JJ.

Pending before this court is the application of Alberto Gomez for writ of mandamus concerning his request to "review entire records of trial case number [94-418-631]." The petition does not clearly request this court to order the 237th District Court of Lubbock County to act upon his motion to review the records. Instead, it appears Gomez wants a free appellate record provided to him for the purpose of "proof [sic] his 'Actual Innocence' in his case." For the following reasons, we deny the application.

First, Rule 52 of the appellate rules requires the application for extraordinary relief to include a 1) section identifying the parties and counsel, 2) table of contents, 3) index of authorities, 4) statement of the case, and 5) statement of the issues presented. Tex. R. App. P. 52.3. Each is missing from Gomez' application, and that he may be acting *pro se* does not relieve him of complying with those rules. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied). Also missing is an appendix containing a

"certified or sworn copy of . . . [the] document[s] showing the matter complained of." TEX. R. APP. P. 52.3(j). In this case, the matter complained of would be the request for a free record, which an unsworn or uncertified copy has been attached.

Next, Gomez seeks the record in effort to determine whether grounds exist to attack his prior conviction. This court affirmed his conviction on June 12, 1996, in cause number 07-95-0230-CR, which action resulted in his exhausting his direct appellate remedies. *See Ex parte Brown,* 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one must first exhaust his direct appeals before invoking art. 11.07 of the Texas Code of Criminal Procedure). His direct appeals being exhausted, he is generally not entitled to a free record. *In re McCarty*, No. 08-05-0355-CR, 2005 Tex. App. LEXIS 10197 at *1 (Tex. App.–El Paso December 8, 2005, orig. proceeding); *In re Trevino*, 79 S.W.3d 794, 795-96 (Tex. App.–Corpus Christi 2002, orig. proceeding). Thus, the relief Gomez ultimately seeks from the trial court is not permitted by law, without a showing of exceptional circumstances as explained in *In re Miller,* No. 07-07-0144-CV, 2007 Tex. App. LEXIS 3764 (Tex. App.–Amarillo May 16, 2007, orig. proceeding)*,* and we have been cited to no such circumstances.

Accordingly, the application for writ of mandamus pending before this court is denied.

Brian Quinn
Chief Justice