NO. 07-90-0230-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 29, 2008
_____

TIMOTHY WAYNE CARTER, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 28,148-D; HON. DON EMERSON, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL AND PIRTLE, JJ.

Pending before us are two motions filed by appellant. The first is entitled "Motion for Nunc Pro Tunc to correct clerical mistakes of fundamental error." The other bears the label "Motion to obtain documents and trial records in forma pauperis."[1] For the following reasons, we deny both.

---

[1]Appellant was convicted of robbery in 1990, and he appealed it to this court. We dismissed the conviction in January of 1991 and issued mandate in March of 1991.

Regarding the nunc pro tunc matter, he requests that we direct the trial court and district clerk to include additional documents in the appellate record. These documents were purportedly omitted from that record. However, we find the request moot for the conviction involved arose in 1990. It was dismissed by this court in January of 1991, and we issued mandate in March of 1991. The appeal having ended years ago, supplementing the appellate record could not affect the outcome.

Regarding the motion to obtain his trial records for free, appellant seeks the records to prepare a petition for habeas relief to the Court of Criminal Appeals. Attempting to prosecute such a writ evinces that he exhausted his direct appeals. *See Ex parte Brown,* 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one must first exhaust his direct appeals before invoking art. 11.07). And since his direct appeals have been exhausted, he is not entitled to a free record. *In re McCarty*, No. 08-05-0355-CR, 2005 Tex. App. LEXIS 10197 (Tex. App.–El Paso December 8, 2005, orig. proceeding); *In re Trevino*, 79 S.W.3d 794, 795-96 (Tex. App.–Corpus Christi 2002, orig. proceeding). Thus, the relief Carter ultimately seeks from the trial court is not permitted by law, without a showing of exceptional circumstances, *In re Trevino, supra,* and we have been cited to no such circumstances.

Accordingly, we deny appellant's motion for a nunc pro tunc judgment and for a free copy of the record.

Brian Quinn
Chief Justice

Do not publish.

2