NO. 07-07-0185-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 19, 2008
______________________________

ORLIN ANARIBA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-301571; HONORABLE CHARLES F. BAIRD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant appeals his conviction for aggravated assault, enhanced by one prior
aggravated assault, and subsequent sentence of eight years confinement in the
Institutional Division, Texas Department of Criminal Justice. We affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court’s judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish. 



ces that he exhausted his direct appeals. See Ex parte Brown,
662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one must first exhaust his direct
appeals before invoking art. 11.07). And since his direct appeals have been exhausted,
he is not entitled to a free record. In re McCarty, No. 08-05-0355-CR, 2005 Tex. App.
Lexis 10197 (Tex. App.–El Paso December 8, 2005, orig. proceeding); In re Trevino, 79
S.W.3d 794, 795-96 (Tex. App.–Corpus Christi 2002, orig. proceeding). Thus, the relief
Carter ultimately seeks from the trial court is not permitted by law, without a showing of
exceptional circumstances, In re Trevino, supra, and we have been cited to no such
circumstances. 
          Accordingly, we deny appellant’s motion for a nunc pro tunc judgment and for a free
copy of the record.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.