# NO. 12-08-00230-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: RICHARD CALVIN GIPSON,* *RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

## MEMORANDUM OPINION

Richard Calvin Gipson seeks a writ of mandamus requiring the Honorable Jack Skeen, Jr., Judge of the 241st District Court, Smith County, Texas, to furnish him a free record. Gipson alleges in his petition that he was convicted of intoxication manslaughter, a second degree felony, and his conviction is now final. He intends to file an application for a writ of habeas corpus for which he needs a copy of his trial record. We dismiss the petition for want of jurisdiction.

Courts of appeals have no jurisdiction over postconviction writs of habeas corpus in felony cases. *See* TEX. CODE CRIM. PROC. ANN. § 11.07, § 3 (Vernon Supp. 2007); *Board of Pardons and Paroles ex rel. Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (jurisdiction to grant postconviction habeas relief lies exclusively with court of criminal appeals). Because Gipson requests the record for purposes of pursuing postconviction relief in two felony cases, we conclude that we have no jurisdiction to consider the merits of his petition.[1] *See In re Trevino*, 79 S.W.3d 794, 795 (Tex. App.–Corpus Christi 2002, orig. proceeding); *see also In re Donnell*, No. 12-06-00092-CV, 2006 WL 859658, at *1 (Tex. App.–Tyler Mar. 31, 2006, orig. proceeding) (mem. op., not designated for publication); *In re McCarty*, No. 08-05-00355-CR, 2005

---

[1] Although we do not reach the merits of Gipson's complaint, we note that an indigent defendant is not entitled to a free record once he has exhausted his appeal, absent some compelling, recognized reason. *See Eubanks v. Mullin*, 909 S.W.2d 574, 576 (Tex. App.–Fort Worth 1995, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 784 (Tex. App.–Houston [1st Dist.] 1993, order).

WL 3330353, at *1 (Tex. App.–El Paso Dec. 8, 2005, orig. proceeding) (mem. op., not designated for publication).  Therefore, Gipson's petition for writ of mandamus is dismissed for want of jurisdiction.

**BRIAN HOYLE**
Justice

Opinion delivered June 4, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)