TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00676-CV






Thomas James Negri, Appellant


v.


Karen Jack, Individually and as Executor of the Estate of Shirley Cowan, Deceased,
Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT

NO. D-1-GN-07-003958, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING





O R D E R

PER CURIAM

 In this cause, appellant Thomas James Negri has filed a "motion to compel"
Keith Hampton, his former retained appellate counsel in a separate criminal cause of action, "to
produce criminal trial transcripts" from the criminal case. In his motion, Negri represents that he
had previously paid for the record during his prior appeal in the criminal case, that his former
counsel has advised him that he no longer has a copy of the record because he returned it to the
district clerk's office, and that the district clerk's office has refused to provide him with a free copy
of the record. Negri asserts that he needs the transcripts for a wrongful death lawsuit currently
awaiting trial in the district court and also for a petition for writ of habeas corpus that he intends to
file in federal court.

 In the criminal case, this Court issued its judgment affirming Negri's conviction
in May 2009, the court of criminal appeals refused discretionary review in November 2009, and
mandate issued that same month. See Negri v. State, No. 03-07-00588-CR, 2009 Tex. App. LEXIS
3140 (Tex. App.--Austin May 6, 2009, pet. ref'd) (not designated for publication). This Court's
plenary power over that case has long since expired. See Tex. R. App. P. 19.1. Accordingly, we
have no jurisdiction to compel Negri's former counsel or the district clerk to produce the transcripts
from the criminal case. See In re Trevino, 79 S.W.3d 794, 795 (Tex. App.--Corpus Christi 2002,
orig. proceeding) (relator sought to compel district court to provide him with copy of record to assist
him in his post-conviction relief efforts; court held that it had no jurisdiction to do so because
"relator's conviction has already been affirmed, his petition for review has been denied, and mandate
has issued"); Escobar v. State, 880 S.W.2d 782, 783-84 (Tex. App.--Houston [1st Dist.] 1993,
order) (court denied pro se "motion for reproduction of documents" from criminal case because
movant was "not entitled to a free statement of facts merely for the purpose of searching it for
grounds for a possible application for habeas corpus or other post-conviction relief"); cf. Tex. Gov't
Code Ann. § 22.221(West 2004) (limiting scope of mandamus relief available in appeals courts). 

 We deny Negri's motion to compel.

 It is ordered October 28, 2010.


Before Chief Justice Jones, Justices Puryear and Pemberton