Petition for Writ of Mandamus
Dismissed and Memorandum Opinion filed June 21, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00509-CR

____________

 

IN RE GREGORY RAY, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

228th District Court

Harris County, Texas

Trial Court No. 11092650

 

 

 



M E M O R
A N D U M   O P I N I O N

            On June 13, 2011, relator, Gregory Ray, an inmate confined in
the Institutional Division of the Texas Department of Criminal Justice, filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code
§22.221; see also Tex. R. App. P. 52.1.  In the petition, relator asks
this court to direct the presiding judge of the 179th District Court to provide
him with a copy of the record in his criminal case so that he may file a
post-conviction application for writ of habeas corpus.[1] 


            This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) all writs necessary to enforce the court of appeals' jurisdiction. 
Tex. Gov’t Code § 22.221.  

The courts of appeals have limited mandamus jurisdiction over criminal
law matters.  Dickens v. Second Court of Appeals, 727 S.W.2d 542, 548
(Tex. Crim. App. 1987).  To be entitled to mandamus relief, a relator must show
that he has no adequate remedy at law to redress his alleged harm, and what he
seeks to compel is a ministerial act, not involving a discretionary or judicial
decision.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Only the Court of Criminal Appeals has jurisdiction in final
post-conviction habeas corpus proceedings.  Tex. Code Crim. Proc. Ann. art. 11.07;
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991);
Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth
Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article
11.07 provides the exclusive means to challenge a final felony conviction).  This
court lacks jurisdiction to grant mandamus relief in matters related to a
post-conviction writ application.  See McCree v. Hampton, 824 S.W.2d
578, 579 (Tex. Crim. App. 1992) (Court of Criminal Appeals has jurisdiction to
order the trial court to rule on applicant’s post-conviction writ of habeas
corpus.); In re McAfee, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st
Dist.] 2001, orig. proceeding) (concluding that intermediate courts of appeals
have no authority to issue writs of mandamus in criminal in matters pertaining
to article 11.07 writs). 

Because the relief that relator seeks relates to
post-conviction habeas corpus relief, we do not have jurisdiction over the
complaint.  See In re Trevino, 79 S.W.3d 794, 795 (Tex. App.—Corpus
Christi 2002, orig. proceeding) (holding that court of appeals did not have
jurisdiction to issue mandamus directing district court to forward copy of record
to inmate for purposes of pursuing post-conviction relief).

            Accordingly, the petition for writ of mandamus is ordered
dismissed.

 

                                                            PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).









[1]  We note that relator’s petition for writ of mandamus
references trial court cause number 1190265 in the 179th District Court. 
According to Harris County JIMS, relator entered a plea of guilty to injury to
a child causing serious bodily injury in cause number 1109265 in the 228th
District Court in Harris Court.