

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00241-CR

## IN RE DONALD R. BROWN

_____

## Original Proceeding

---

## MEMORANDUM  OPINION

---

In this original proceeding, Relator Donald R. Brown seeks mandamus relief pertaining to his article 11.07 post-conviction habeas corpus proceeding.  Brown has alleged ineffective assistance of counsel in his article 11.07 post-conviction habeas corpus proceeding, as the trial court's September 1, 2010 order attached to the mandamus petition orders attorney David Barron to file an affidavit responding to Brown's allegations within sixty days.  Brown seeks mandamus relief against the respondent trial judge on the allegation that the trial judge has failed to timely rule, or has refused to rule, on Brown's motion to compel Barron to file the affidavit.

Because Brown's complaint in his mandamus petition pertains to his article 11.07 post-conviction habeas corpus proceeding, we initially question our jurisdiction to

address Brown's complaint. Very recently, the Houston Fourteenth District Court of Appeals addressed this very issue and dismissed the mandamus proceeding for lack of jurisdiction. *In re Ray*, No. 14-11-00509-CR, 2011 WL 2462554 (Tex. App.—Houston [14th Dist.] June 21, 2011, orig. proceeding) (mem. op., not designated for publication).

> Only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). This court lacks jurisdiction to grant mandamus relief in matters related to a post-conviction writ application. *See McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992) (Court of Criminal Appeals has jurisdiction to order the trial court to rule on applicant's post-conviction writ of habeas corpus.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (concluding that intermediate courts of appeals have no authority to issue writs of mandamus in criminal [ ] matters pertaining to article 11.07 writs).

*Id.*

Because the relief that Brown seeks relates to post-conviction habeas corpus relief, we do not have jurisdiction over this original proceeding. *See id.* (citing *In re Trevino*, 79 S.W.3d 794, 795 (Tex. App.—Corpus Christi 2002, orig. proceeding) (holding that court of appeals did not have jurisdiction to issue mandamus directing district court to forward copy of record to inmate for purposes of pursuing post-conviction relief)). Accordingly, we dismiss the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition dismissed
Opinion delivered and filed July 13, 2011
Do not publish
[OT06]