IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-11-00241-CR

 

In
re Donald R. Brown

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            In this original proceeding,
Relator Donald R. Brown seeks mandamus relief pertaining to his article 11.07
post-conviction habeas corpus proceeding.  Brown has alleged ineffective
assistance of counsel in his article 11.07 post-conviction habeas corpus
proceeding, as the trial court’s September 1, 2010 order attached to the
mandamus petition orders attorney David Barron to file an affidavit responding
to Brown’s allegations within sixty days.  Brown seeks mandamus relief against
the respondent trial judge on the allegation that the trial judge has failed to
timely rule, or has refused to rule, on Brown’s motion to compel Barron to file
the affidavit.

            Because Brown’s complaint in
his mandamus petition pertains to his article 11.07 post-conviction habeas
corpus proceeding, we initially question our jurisdiction to address Brown’s
complaint.  Very recently, the Houston Fourteenth District Court of Appeals
addressed this very issue and dismissed the mandamus proceeding for lack of
jurisdiction.  In re Ray, No. 14-11-00509-CR, 2011 WL 2462554 (Tex.
App.—Houston [14th Dist.] June 21, 2011, orig. proceeding) (mem. op., not
designated for publication).

Only the Court of Criminal Appeals has
jurisdiction in final post-conviction habeas corpus proceedings.  Tex. Code Crim. Proc. Ann. art. 11.07; Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Board
of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides
the exclusive means to challenge a final felony conviction). This court lacks
jurisdiction to grant mandamus relief in matters related to a post-conviction
writ application.  See McCree v. Hampton, 824 S.W.2d 578, 579 (Tex.
Crim. App. 1992) (Court of Criminal Appeals has jurisdiction to order the trial
court to rule on applicant’s post-conviction writ of habeas corpus.); In re
McAfee, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding) (concluding that intermediate courts of appeals have no authority
to issue writs of mandamus in criminal [ ] matters pertaining to article 11.07
writs).

 

Id.

 

            Because the relief that
Brown seeks relates to post-conviction habeas corpus relief, we do not have
jurisdiction over this original proceeding.  See id. (citing In re Trevino, 79 S.W.3d 794, 795 (Tex. App.—Corpus
Christi 2002, orig. proceeding) (holding that court of appeals did not have
jurisdiction to issue mandamus directing district court to forward copy of
record to inmate for purposes of pursuing post-conviction relief)).  Accordingly,
we dismiss the petition for writ of
mandamus.

 

 

REX D. DAVIS

Justice

 

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Petition
dismissed

Opinion
delivered and filed July 13,
2011

Do
not publish

[OT06]