

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00499-CV

IN RE ROGER EUGENE FAIN                                                    RELATOR

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator Roger Eugene Fain has filed a petition for a writ of mandamus, asking us to require the 372nd District Court of Tarrant County to unseal a volume of the reporter's record from his criminal trial, in which he was convicted of capital murder, and to provide that volume to him.[2] Relator's petition indicates that he intends to use the volume to challenge his final felony conviction.

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

[2]*See Fain v. State*, No. 02-08-00002-CR, 2009 WL 2579580, at *9 (Tex. App.—Fort Worth Aug. 20, 2009, pet. ref'd) (mem. op., not designated for publication) (affirming relator's capital murder conviction). The 372nd District Court indicated that it sealed the volume under the authority of article 35.29 of

Jurisdiction to grant relief from a final felony conviction rests exclusively with the court of criminal appeals through a petition for a writ of habeas corpus under article 11.07 of the code of criminal procedure. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."). Thus, we conclude that we have no jurisdiction in this original proceeding in which relator seeks the record from his criminal trial for the purpose of challenging his final felony conviction. *See In re Ray*, No. 14-11-00509-CR, 2011 WL 2462554, at *1 (Tex. App.—Houston [14th Dist.] June 21, 2011, orig. proceeding) (mem. op., not designated for publication) (holding that an intermediate appellate court has no jurisdiction over a relator's request for records related to a final felony conviction); *In re Gipson*, No. 12-08-00230-CR, 2008 WL 2266100, at *1 (Tex. App.—Tyler June 4, 2008, orig. proceeding) (mem. op., not designated for publication) ("Because Gipson requests the record for purposes of pursuing postconviction relief in two felony cases, we conclude that we have no jurisdiction to consider the merits of his [mandamus] petition."); *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.—Corpus Christi 2002, orig. proceeding) ("Because relator requests the

_____

the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 35.29 (West Supp. 2012) (stating that personal information about jurors "is confidential and may not be disclosed" except on a showing of good cause).

2

record [from his criminal trial] for the purposes of pursuing post-conviction relief, we have no jurisdiction to consider the merits of relator's petition."). We dismiss relator's petition for a writ of mandamus for want of jurisdiction.[3]

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  December 20, 2012

---

[3]Relator also requests that we grant an out-of-time appeal from his felony conviction, but only the court of criminal appeals may do so. *See Noonkester v. State*, No. 02-11-00198-CR, 2011 WL 2611247, at *1 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op., not designated for publication).