02-12-499-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00499-CV

 

 


 
 
 In re Roger Eugene Fain
 
 
  
 
 
 RELATOR
 
 


 

 

----------

ORIGINAL
PROCEEDING

----------

MEMORANDUM
OPINION[1]

----------

          Relator
Roger Eugene Fain has filed a petition for a writ of mandamus, asking us to
require the 372nd District Court of Tarrant County to unseal a volume of the
reporter’s record from his criminal trial, in which he was convicted of capital
murder, and to provide that volume to him.[2]  Relator’s
petition indicates that he intends to use the volume to challenge his final
felony conviction.

          Jurisdiction
to grant relief from a final felony conviction rests exclusively with the court
of criminal appeals through a petition for a writ of habeas corpus under
article 11.07 of the code of criminal procedure.  Bd. of Pardons &
Paroles ex rel. Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481,
483 (Tex. Crim. App. 1995) (orig. proceeding); Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (“We
are the only court with jurisdiction in final post-conviction felony
proceedings.”).  Thus, we conclude that we have no jurisdiction in this
original proceeding in which relator seeks the record from his criminal trial
for the purpose of challenging his final felony conviction.  See In re Ray,
No. 14-11-00509-CR, 2011 WL 2462554, at *1 (Tex. App.—Houston [14th Dist.] June
21, 2011, orig. proceeding) (mem. op., not designated for publication) (holding
that an intermediate appellate court has no jurisdiction over a relator’s
request for records related to a final felony conviction); In re Gipson,
No. 12-08-00230-CR, 2008 WL 2266100, at *1 (Tex. App.—Tyler June 4, 2008, orig.
proceeding) (mem. op., not designated for publication) (“Because Gipson
requests the record for purposes of pursuing postconviction relief in two
felony cases, we conclude that we have no jurisdiction to consider the merits
of his [mandamus] petition.”); In re Trevino, 79 S.W.3d 794, 796 (Tex.
App.—Corpus Christi 2002, orig. proceeding) (“Because relator requests the
record [from his criminal trial] for the purposes of pursuing post-conviction
relief, we have no jurisdiction to consider the merits of relator’s petition.”). 
We dismiss relator’s petition for a writ of mandamus for want of jurisdiction.[3] 

 

PER CURIAM

 

PANEL: 
LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

 

DELIVERED:
 December 20, 2012









[1]See Tex. R. App. P. 47.4, 52.8(d).





[2]See Fain v. State,
No. 02-08-00002-CR, 2009 WL 2579580, at *9 (Tex. App.—Fort Worth Aug. 20, 2009,
pet. ref’d) (mem. op., not designated for publication) (affirming relator’s
capital murder conviction).  The 372nd District Court indicated that it sealed
the volume under the authority of article 35.29 of the code of criminal
procedure.  See Tex. Code Crim. Proc. Ann. art. 35.29 (West Supp. 2012)
(stating that personal information about jurors “is confidential and may not be
disclosed” except on a showing of good cause).





[3]Relator also requests that
we grant an out-of-time appeal from his felony conviction, but only the court
of criminal appeals may do so.  See Noonkester v. State, No.
02-11-00198-CR, 2011 WL 2611247, at *1 (Tex. App.—Fort Worth June 30, 2011, no
pet.) (mem. op., not designated for publication).