

NUMBER 13-19-00332-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE HUMBERTO ROSALES CRUZ

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Perkes
Memorandum Opinion by Justice Perkes[1]

Relator Humberto Rosales Cruz, proceeding pro se, filed a petition for writ of mandamus in the above cause through which he seeks to compel the trial court to rule on relator's motion seeking free copies of the reporter's record and clerk's record in cause number CR-2827-14-H(1) in the 389th District Court of Hidalgo County, Texas.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); id. R. 47.4 (distinguishing opinions and memorandum opinions).

is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to a writ of mandamus. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In this case, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure because it, inter alia, lacks an appendix or record. *See generally* TEX. R. APP. P. 52.3. We further note that an indigent criminal defendant is generally not entitled to a free transcription of prior proceedings for use in pursuing post-conviction

habeas relief. *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.—Corpus Christi–Edinburg 2002, orig. proceeding); *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding). Accordingly, we deny the petition for writ of mandamus. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2019.