**Wesley EUBANKS, Relator**

v.

**Hon. James O. MULLIN, Judge, 43rd Judicial District Court, Parker County, Texas, Respondent.**

No. 02–94–238–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 21, 1995.

Rehearing Overruled Nov. 30, 1995.

Wesley Eubanks, relator pro se.

Amy Ayers Adams, District Attorney and Donald Schnebly, Assistant District Attorney, Weatherford, for respondent.

Before DAUPHINOT and RICHARDS, JJ., and PAUL W. NYE, J. Retired Sitting by Assignment.

## OPINION

NYE, Justice (Retired).

Relator, Wesley Eubanks, has filed a Pro Se Petition for Writ of Mandamus seeking relief against the Honorable James O. Mullin, 43rd District Judge, Parker County, Texas. Relator was originally convicted in Parker County and sentenced to confinement for eighty-eight years. This court affirmed the conviction and the petition for discretionary review has been refused. Eubanks had retained counsel in the initial case and had paid for the original statement of facts.

Relator sought the record from his criminal trial in the 43rd Judicial District Court, Parker County, Texas, for his use to prepare a *possible petition for writ of habeas corpus.* Judge Mullin refused to give Relator a free copy of the trial court record; consequently, Relator sought mandamus from this court to compel Judge Mullin to give him a copy of the trial court record.

Initially, for the writ to issue, mandamus requires the existence of "a legal duty to perform a nondiscretionary act; a demand

for performance and a refusal." *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979); *Perez v. McGar,* 630 S.W.2d 320, 321 (Tex. App.—Houston [14th Dist.] 1982, orig. proceeding). For the Relator to be entitled to the extraordinary remedy of mandamus, he must establish two requirements: 1) that he has no other adequate remedy at law available; 2) and that the act sought to be compelled is a clear and fixed duty imposed by law that is purely ministerial, as opposed to discretionary or judicial in nature. "An act is 'ministerial' if it constitutes a duty clearly fixed and required by law." *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 127–128 (Tex. Crim.App.1987). Relator has not satisfied the second requirement.

The United States Supreme Court has observed:

> The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript [to support his claim] but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for collateral attack.

*United States v. MacCollom,* 426 U.S. 317, 327–328, 96 S.Ct. 2086, 2092–2093, 48 L.Ed.2d 666, 676 (1976) (quoting *United States v. Shoaf,* 341 F.2d 832, 835 (4th Cir. 1964)). Federal statutory law expressly allows an indigent prisoner access to a free record under certain circumstances. 28 U.S.C.S. § 753(f) (Law.Co-op.1988).

■ Texas has no equivalent statute. We hold that in order to obtain a free statement of facts, Relator must make a showing that his habeas corpus action is not frivolous, and must demonstrate a specific need for the statement of facts. *Escobar v. State,* 880

S.W.2d 782 (Tex.App.—Houston [1st.Dist.] 1993, no pet.); *see Route v. Blackburn,* 498 F.Supp. 875, 877 (M.D.La.1980). Relator has failed to make such a showing.

■ The fact that a particular service might be of benefit or helpful to an indigent defendant does not mean that the service is constitutionally required. The duty of the State under Texas law is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present *at least once a complete review of all his claims of reversible error in the context of the State's appellate process.* Duplication does not serve our system of justice. Relator argues that this court should not follow *MacCollom* because it addresses a federal statute, not Texas rules. Relator is correct that *MacCollom* is specifically addressing 28 U.S.C.S. § 753(f). However, the constitutional safeguards addressed by the U.S. Supreme Court are relevant to our decision. Relator additionally asserts *Escobar* is not controlling on the issue of interpreting Tex.R.App.P. 53(j)(2) because it is not an opinion by the Texas Court of Criminal Appeals.[1] *Escobar* is not binding upon us as is an opinion by the Court of Criminal Appeals, but we should not ignore a case in point from a sister court. Having examined what the San Antonio court wrote in *Escobar,* we find the opinion well reasoned and persuasive. We shall act in accordance with it.

■ The act that Relator here seeks to compel is not one that is clearly required by law. Respondent's refusal to provide Relator with a free trial transcript has not violated Relator's due process or equal protection rights. Relator is not entitled to a free

---

1. Appellant is correct that opinions of a sister appellate court do not set precedent that bind other courts of appeals. *Shook v. State,* 156 Tex.Crim. 515, 244 S.W.2d 220 (1951). If we disagree with existing law from other Texas Courts of Appeals, we should say so clearly. *General American Life Ins. Co. v. Rios,* 154 S.W.2d 191, 194 (Tex.Civ.App.—El Paso, 1941) *rev'd on other grounds* 139 Tex. 554, 164 S.W.2d 521 (1942); *see also Calvary Temple v. Taylor,* 288 S.W.2d 868, 871 (Tex.Civ.App.—Galveston 1956, no writ). Such a duty is not unlike a lawyer's professional responsibility to disclose to a court "authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;" Tex. Disciplinary R.Prof. Conduct 3.03(a)(4) (1990), *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1995) (State Bar Rules art. X, § 9).

transcript merely to search for errors on which to base a post-conviction collateral attack. Respondent submits that neither the state constitution nor any statutory provisions require him to provide a free trial transcript to Relator. We agree.

■ The State has no constitutional duty to provide without charge any other unspecified "trial records" Relator seeks, except under the same conditions and upon the same showing that apply to obtaining a free transcription of the court reporter's notes of a trial or other oral hearing. Whether Texas should adopt a statute similar to the federal provision that expressly offers such benefit is not before this Court nor within this Court's power to address.

■ We hold that an indigent criminal defendant is not entitled—either as a matter of equal protection or of due process—to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief. *MacCollom,* 426 U.S. at 322–23, 328, 96 S.Ct. at 2090, 2093, 48 L.Ed.2d at 673–674, 676–677; *Escobar,* 880 S.W.2d at 783. By its terms, rule 53(j)(2) has no application to the pursuit of such post-conviction relief; it permits an *appellant,* upon the proper showing, to obtain a statement of facts, without charge, within the time prescribed for *perfecting the appeal* but not for post-conviction habeas corpus relief. Again, Relator has made no showing that this habeas corpus action is not frivolous, and he has not demonstrated a specific need for any trial records he may be seeking.

We deny the mandamus relief sought by Relator.