NO. 07-02-0112-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 20, 2003



______________________________




JOHN J. HINDERA, APPELLANT



V.



NELSON DOMETRIUS, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-507,408; HONORABLE SAM MEDINA, JUDGE



_______________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON APPELLANT'S SUPPLEMENTAL MOTION TO REINSTATE APPEAL


 Pursuant to appellant's notice of suggestion of bankruptcy, on May 9, 2002, we
suspended this appeal. See Tex. R. App. P. 8.2. Pending before this Court is appellant's
pro se Supplemental Motion to Reinstate Appeal. Although Tex. R. App. P. 8.3(a)
authorizes the appellant, the appellee,or any party to the appeal to move that we reinstate
the appeal, we have not been provided with (1) a certified copy of an order of the
bankruptcy court lifting or terminating the stay or (2) appropriate record and authorities
sufficient under federal law to authorize us to reinstate the appeal.

 Accordingly, appellant's motion to reinstate the appeal is denied without prejudice
to the filing of a new motion to reinstate supported by documentation as per Rule 8.3(a).

 It is so ordered.

 Per Curiam



se number of relator's second trial. Relator's present petition seeks to have this court
direct Judge Darnell to hold a hearing on his motion and direct the trial court clerk to
provide or loan a copy of the 2003 record.

 Our power of mandamus is defined and limited by Section 22.221 of the
Government Code. Tex. Gov't Code Ann. § 22.221 (Vernon 2004). It extends to a district
or county court judge in our court of appeals district or as necessary to enforce our
jurisdiction. We have no power to issue a writ of mandamus to a district clerk unless
necessary to enforce our jurisdiction. Id. A convicted person's access to a trial record for
use in preparing a petition for habeas corpus does not affect our jurisdiction. In re
Coronado, 980 S.W.2d 691, 692 (Tex.App.-San Antonio 1998) (orig. proceeding). 

 Mandamus is an extraordinary remedy that will issue to correct a clear abuse of
discretion when there is no other adequate remedy by law. See In re D. Wilson Const. Co.,
196 S.W.3d 774, 780 (Tex. 2006); Healey v. McMeans, 884 S.W.2d 772, 780
(Tex.Crim.App. 1994). It is the relator's burden to show entitlement to the relief being
requested. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)
(orig. proceeding). To establish entitlement to the issuance of a writ of mandamus
compelling a trial court to consider and rule on a pending motion, the relator bears the
burden to establish that (1) the trial court had a legal duty to perform, (2) relator made a
demand for performance of this duty, and (3) the trial court refused to act. Stoner v.
Massey, 586 S.W.2d 843, 846 (Tex. 1979). Relator has failed to establish these elements.

 Contending mandamus may issue to enforce the trial court's legal duty to act on
motions in a reasonable time, relator cites In re Christensen, 39 S.W.3d 250
(Tex.App.-Amarillo 2000, orig. proceeding), Barnes v. State, 832 S.W.2d 424
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding), and Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Unlike those cases,
here relator's petition and attached documents show the trial court has ruled on his request
for a hearing. Because the trial court has not refused to act, the authority on which relator
relies does not show his entitlement to the relief requested.

 Relator also challenges the merits of Judge Darnell's ruling, but he offers no
authority establishing the trial court had a legal duty to hold a hearing on his motion. 
Relator cites Eubanks v. Mullin, 909 S.W.2d 574 (Tex.App.-Fort Worth 1995, orig.
proceeding), in which the court enunciated standards under which an indigent defendant
might have a right of access to the record of a prior proceeding if necessary to present a
meritorious claim through habeas corpus. 909 S.W.2d at 576 (enunciating standard but
finding relator failed to meet it). See also Coronado, 980 S.W.2d at 693 (reciting same
standard but holding court had no mandamus authority over district clerk). The opinions
in Eubanks and Coronado do not address the source of a trial court's authority to consider
the merits of the requests presented. (2) We find no express authority in the Code of Criminal
Procedure for a party to initiate a proceeding in the trial court by filing a motion like that
relator filed in the 140th District Court. (3) Cf. Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon
2007) (authorizing request for post-conviction DNA testing to be made by motion). (4) Nor
are we able to find any instance in which a court of appeals has used its mandamus
authority to enforce the right of access to records that Eubanks and Coronado posit. We find relator in this case has not shown he has no other adequate remedy by law. 
See In re D. Wilson Const. Co., 196 S.W.3d at 780. Article 11.07 of the Code of Criminal
Procedure governing habeas corpus relief suggests relator has an adequate remedy by
affording him an opportunity to show the need for the records of his 2003 trial. Section 3
of that statute directs a trial court to determine if there are controverted, previously
unresolved material facts and authorizes resolution of those issues by affidavits,
depositions, interrogatories, hearings, and the court's personal recollection. Tex. Code
Crim. Proc. Ann. art. 11.07 § 3(c), (d) (Vernon 2005). Use of a habeas corpus hearing to
develop facts not shown in the existing record is illustrated in Ex parte Preston, 833
S.W.2d 515, 519 (Tex.Crim.App. 1992) (op. on rehearing). The petitioner there also
sought habeas corpus relief alleging multiple trials on a single indictment violated
protections against double jeopardy. Id. at 516. The facts surrounding the disposition of
untried counts were developed in a hearing on relator's application for a writ of habeas
corpus. Id. at 519. 

 Finding relator here has failed to establish his entitlement to the mandamus relief
requested, we deny the petition. 

 James T. Campbell

 Justice 


 

1. Relator has also filed a motion for leave to file his petition for writ of mandamus. 
Because leave to file is no longer required we do not address that motion. See Tex. R.
App. P. 52.1. 
2. See also Escobar v. State, 880 S.W.2d 782 (Tex.App.-Houston [1st Dist.] 1993),
dealing with a motion filed directly with the court of appeals, seeking trial records for
preparation of a habeas corpus application. Rejecting the movant's request, the court
found neither a constitutional requirement that the records be provided nor a statutory
authority for the court to grant his request.
3. Federal law provides a procedure for a habeas corpus petitioner to have a judge
certify the suit is not frivolous and a free record is needed to decide an issue presented. 
See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 327-328, 96 S.Ct.
2086, 48 L.Ed.2d 666 (1976). Texas has no statute like 28 U.S.C. section 753(f). 
Eubanks, 909 S.W.2d at 576.
4. More recently, the Corpus Christi court of appeals considered its jurisdiction to
review a mandamus petition seeking a record for the purpose of pursuing post-conviction
habeas relief. In re Trevino, 79 S.W.3d 795 (Tex.App.-Corpus Christi 2002, orig.
proceeding). The court found it had no jurisdiction to consider the petition and dismissed
it. Id. at 796. The Tyler court of appeals followed the same course in In re Donnell, No.
12-06-0092-CV, 2006 WL 859658 (Tex.App.-Tyler March 31, 2006, orig. proceeding). 
This court has not as yet concluded it lacks jurisdiction to consider mandamus petitions
seeking such relief. See In re Cox, No. 07-0600271-CV, 2006 WL 2010901
(Tex.App.-Amarillo July 19, 2006, orig. proceeding); In re Johnson, No. 07-04-0558-CV,
2004 WL 2792191 (Tex.App.-Amarillo Dec. 3, 2004, orig. proceeding).