Petition for Writ of Mandamus Denied and Memorandum Opinion filed
November 25, 2003









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed November 
25, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01273-CV

____________

 

IN RE MICHAEL MORALES, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On November 18, 2003, relator
filed a petition for writ of mandamus in this Court.  See Tex.
Gov=t. Code Ann. ' 22.221 (Vernon Supp. 2003); see
also Tex. R. App. P. 52.  

Relator claims he filed a motion to dismiss
his conviction and an 11.07 writ of habeas corpus by mailing it on March 17,
2003.  Relator
claims he learned the trial court clerk never received the motion and
writ.  Relator
asserts he mailed another copy in September 2003.  Receiving no information, relator
then filed an application for writ of habeas corpus in the First Court of
Appeals.  On October 16, 2003, the First
Court issued an opinion dismissing for want of jurisdiction, noting that an
appellate court does not have jurisdiction over original habeas corpus
proceedings in criminal matters.  








Now, relator seeks a writ of
mandamus to obtain a ruling on his motion to dismiss and 11.07 writ.  To be entitled
to the extraordinary remedy of mandamus, relator must
establish two requirements:  1) he has no
other adequate remedy at law available, and 2) the act sought to be compelled
is a clear and fixed duty imposed by law that is purely ministerial, as opposed
to discretionary or judicial in nature.  Eubanks v. Mullin, 909 S.W.2d 574, 576 (Tex.App.‑Fort
Worth 1995, orig. proceeding). 
"An act is 'ministerial' if it constitutes a duty clearly fixed and
required by law."  State ex rel. Curry v. Gray, 726 S.W.2d 125,
127‑128 (Tex. Crim. App. 1987).  

Relator has not presented this court with a
record showing the trial judge refused to perform a nondiscretionary duty.  Because relator has
not met his burden of establishing the requirements for entitlement to mandamus
relief, we deny relator=s petition for writ of mandamus. 

 

PER CURIAM

 

 

Petition Denied
and Memorandum Opinion filed November 25, 2003.

Panel consists of
Justices Yates, Hudson, and Fowler.