IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,923-02






EX PARTE MELVIN CHARLES PAUL, Applicant


 






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 844969-A IN THE 174TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Paul
v. State, No. 14-00-00937-CR (Tex. App. - Houston, January 10, 2002, no pet.) (not designated for
publication). 

 We remanded this application to the trial court for findings of fact and conclusions of law
concerning Applicant's fourth and fifth claims, which alleged that appellate counsel rendered
ineffective assistance because counsel failed to advise him of his right to petition for discretionary
review pro se and to move for rehearing of the decision on appeal. Thereafter, Applicant filed a
"Motion Requesting Voluntary Dismissal of Grounds Three Thru Five Withdrawing Same Until
Grounds One & Two are Specifically Addressed by Remand, Appointment of Counsel, and
Evidentiary Hearing." Accordingly, we dismiss Applicant's claims concerning the dismissal of his
appeal from a Chapter 64 proceeding and his requests for out-of-time proceedings on direct appeal.

 Applicant's first and second grounds for relief are without merit. Applicant's first claim is
that this Court should order the trial court to provide him with copies of the complete trial transcript
free of charge because he cannot file a meaningful collateral attack without a complete copy of the
trial transcript and he is indigent. Applicant's second claim is that this Court should appoint counsel
to assist Applicant in the preparation of a habeas application because he is blind and mentally
retarded, and so without the assistance of counsel he is effectively denied access to the courts.

 Applicant has not shown that this Court should order the trial court to provide him with
copies of the complete trial transcript free of charge. See, e.g., Eubanks v. Mullin, 909 S.W.2d 574
(Tex. App. - Fort Worth 1995, no pet); see also United States v. MacCollom, 426 U.S. 317 (1976). 
Finally, Applicant does not have a constitutional right to the assistance of counsel in the preparation
of a habeas application. Ex parte Mines, 26 S.W.3d 910 (Tex. Crim. App. 2000).



Delivered: February 14, 2007

Do not publish