

NUMBER 13-08-00151-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE GREGORY EVANS

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Vela
Memorandum Opinion Per Curiam

Relator, Gregory Evans, pro se, filed a petition for writ of mandamus in the above cause on March 24, 2008, asking this Court to direct the respondent, the presiding judge of the 329th District Court of Wharton County, Texas, to set a hearing and rule on relator's pending motions to obtain copies of the "trial/appellate" record in various causes. We deny the petition for writ of mandamus for the reasons stated herein.

First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Second, relator has not demonstrated that respondent expressly refused to rule on relator's motions or that an unreasonable amount of time has passed since the motions were filed. *See In re Dimas*,

88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Third, as a general rule, an indigent criminal defendant is not entitled to a free transcription of prior proceedings for use in pursuing post-conviction habeas relief. *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.–Corpus Christi 2002, orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.–San Antonio 1998, orig. proceeding) (requiring an indigent criminal defendant to show that the habeas corpus action is not frivolous and there is a specific need for the trial records which are sought); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, order); *Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.–Fort Worth 1995, orig. proceeding).[1]

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought, and the

---

[1]We note that appellate courts have occasionally differed in their disposition of petitions for writ of mandamus concerning the provision of an appellate record for purposes of pursuing post-conviction relief. Some petitions have been dismissed for want of jurisdiction, essentially on grounds that intermediate appellate courts do not have jurisdiction over post-conviction writs of habeas corpus. *See, e.g., In re Curry*, No. 05-08-00064-CV, 2008 Tex. App. LEXIS 839, *2 (Tex. App.–Dallas Feb. 5, 2008, orig. proceeding); *In re Bruno*, No. 10-07-00397-CR, 2008 Tex. App. LEXIS 506, *2 (Tex. App.–Waco Jan. 23, 2008, orig. proceeding) (not designated for publication); *In re Trevino*, 79 S.W.3d 794, 795-96 (Tex. App.–Corpus Christi 2002, orig. proceeding). In contrast, other petitions have been addressed on the merits and denied or granted. *See, e.g., In re Christensen*, 39 S.W.3d 250, 250 (Tex. App.–Amarillo 2000, orig. proceeding) (per curiam) (conditionally granting writ of mandamus to compel trial court to set, hear, and rule on relator's motion to review trial and appellate records in order to prepare a post-conviciton writ of habeas corpus); *see also In re Dunn*, No. 06-08-00005-CV, 2008 Tex. App. LEXIS 486, *2-5 (Tex. App.–Texarkana 2008, orig. proceeding) (mem. op.) (denying petition for writ of mandamus requesting a free record to pursue a post-conviction writ of habeas corpus; *In re Longoria*, Nos. 13-07-00709-CR & 13-07-00710-CR, 2007 Tex. App. LEXIS 9495, *2 (Tex. App.–Corpus Christi Dec. 4, 2007, orig. proceeding) (per curiam) (mem. op., not designated for publication) (same); *In re Buentello*, No. 13-05-00363-CR, 2005 Tex. App. LEXIS 6046, *2-3 (Tex. App.–Corpus Christi July 25, 2005, orig. proceeding) (per curiam) (mem. op., not designated for publication) (same). At least within our Court, the different dispositions result from the vastly different procedural postures of the individual cases, that is, for instance, whether the requested relief was sought from county or district clerks, the trial court clerk, or the trial judge; and whether the requested relief was a trial court ruling or the provision of the records themselves.

petition for writ of mandamus should be denied.  See Tex. R. App. P. 52.8.  Accordingly,

the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.  *See* Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Memorandum Opinion delivered
and filed this the 26th day of June, 2008.