

NUMBERS 13-09-00634-CR
13-09-00635-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE: ADAN PEREZ, JR.

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Adan Perez, Jr., pro se, filed a petition for writ of mandamus[2] in the above causes on November 23, 2009, asking this Court to direct the respondent, the presiding judge of the 347th District Court of Nueces County, Texas, to provide him with an opportunity to purchase the reporter's record and other records pertaining to relator's 1990 conviction.[3] We deny the petition for writ of mandamus for the reasons stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator also filed a "motion for leave" to file this petition for writ of mandamus. We dismiss relator's motion for leave to file the petition for writ of mandamus as moot because the Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave in an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

[3] Relator raised this same issue in a previous petition for writ of mandamus, which was denied by this Court on September 22, 2009. *See In re Perez*, Nos. 13-09-00525-CR & 13-09-00526-CR, 2009 Tex. App. LEXIS 7454, at *2-3 (Tex. App.–Corpus Christi Sept. 22, 2009, orig. proceeding) (per curiam) ( mem. op., not

First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Second, relator has not demonstrated that respondent expressly refused to rule on relator's request or that an unreasonable amount of time has passed since the request was filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Third, as a general rule, an indigent criminal defendant is not entitled to a free transcription of prior proceedings for use in pursuing post-conviction habeas relief. *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.–Corpus Christi 2002, orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.–San Antonio 1998, orig. proceeding) (requiring an indigent criminal defendant to show that the habeas corpus action is not frivolous and there is a specific need for the trial records which are sought); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, order); *Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.–Fort Worth 1995, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought, and the petition for writ of mandamus should be denied. See Tex. R. App. P. 52.8. Accordingly, the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed
the 1st day of December, 2009.

designated for publication).

2