NUMBERS 13-09-00634-CR


 13-09-00635-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 

IN RE: ADAN PEREZ, JR.


____________________________________________________________


On Petition for Writ of Mandamus.

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion Per Curiam (1)



 Relator, Adan Perez, Jr., pro se, filed a petition for writ of mandamus (2) in the above
causes on November 23, 2009, asking this Court to direct the respondent, the presiding
judge of the 347th District Court of Nueces County, Texas, to provide him with an
opportunity to purchase the reporter's record and other records pertaining to relator's 1990 
conviction. (3) We deny the petition for writ of mandamus for the reasons stated herein.

 

 First, the petition for writ of mandamus fails to comply with the Texas Rules of
Appellate Procedure. See generally Tex. R. App. P. 52.3. Second, relator has not
demonstrated that respondent expressly refused to rule on relator's request or that an
unreasonable amount of time has passed since the request was filed. See In re Dimas,
88 S.W.3d 349, 351 (Tex. App.-San Antonio 2002, orig. proceeding); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding); Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding); accord O'Connor v. First
Ct. of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Third, as a general rule,
an indigent criminal defendant is not entitled to a free transcription of prior proceedings for
use in pursuing post-conviction habeas relief. In re Trevino, 79 S.W.3d 794, 796 (Tex.
App.-Corpus Christi 2002, orig. proceeding); see In re Coronado, 980 S.W.2d 691, 693
(Tex. App.-San Antonio 1998, orig. proceeding) (requiring an indigent criminal defendant
to show that the habeas corpus action is not frivolous and there is a specific need for the
trial records which are sought); Escobar v. State, 880 S.W.2d 782, 783 (Tex.
App.-Houston [1st Dist.] 1993, order); Eubanks v. Mullin, 909 S.W.2d 574, 576-77 (Tex.
App.-Fort Worth 1995, orig. proceeding).

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought, and the
petition for writ of mandamus should be denied. See Tex. R. App. P. 52.8. Accordingly,
the petition for writ of mandamus is DENIED. 

 PER CURIAM

Do not publish. 

Tex. R. App. P. 47.2(b).

Delivered and filed

the 1st day of December, 2009. 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. Relator also filed a "motion for leave" to file this petition for writ of mandamus. We dismiss relator's
motion for leave to file the petition for writ of mandamus as moot because the Texas Rules of Appellate
Procedure no longer require the relator to file a motion for leave in an original proceeding. See generally Tex.
R. App. P. 52 & cmt.
3. Relator raised this same issue in a previous petition for writ of mandamus, which was denied by this
Court on September 22, 2009. See In re Perez, Nos. 13-09-00525-CR & 13-09-00526-CR, 2009 Tex. App.
LEXIS 7454, at *2-3 (Tex. App.-Corpus Christi Sept. 22, 2009, orig. proceeding) (per curiam) ( mem. op., not
designated for publication).