In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00584-CV


 ____________________



IN RE DAVID MELTON WILLIAMS






Original Proceeding 






MEMORANDUM OPINION



 David Melton Williams seeks a writ of mandamus to compel the trial court to conduct
a hearing on Williams' motion for a loan of the statement of facts, evidently in a criminal
case for which Williams is currently serving a sentence. The mandamus petition lacks: (1)
the certification required by Texas Rule of Appellate Procedure 52.3(j); (2) certified or sworn
copies of "every document that is material to the relator's claim for relief" as required by
Rule 52.7(a)(1); and (3) proof of service on the prosecuting attorney as required by Texas
Rule of Appellate Procedure 9.5. See Tex. R. App. P. 9.5, 52.3(j), 52.7(a)(1). Williams
claims he cannot provide copies of documents because he is a prisoner. 

 The petition nevertheless demonstrates that Williams cannot prevail on the merits of
his claim. See Tex. R. App. P. 2. Williams alleges that he filed a motion and a request for
a hearing, and that in response the trial court wrote that the trial court was not aware of any
proceeding presently on file that would require that Williams be provided with a reporter's
record. Apparently, the trial court acted on the relator's request for a record. Furthermore,
this does not appear to be a case in which the trial court refused to consider a properly filed
motion. Compare Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.--San
Antonio 1997, orig. proceeding) (duty to rule within a reasonable time on motion filed in an
active case), with In re Cash, No. 06-04-00045-CV, 2004 WL 769473 (Tex. App.--Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.) (no duty to rule on motion when there
is no pending case before the court). Moreover, Williams has not shown that he has a clear
and indisputable right to the relief he requested from the trial court. See Eubanks v. Mullin,
909 S.W.2d 574, 577 (Tex. App.--Fort Worth 1995, orig. proceeding) ("We hold that an
indigent criminal defendant is not entitled--either as a matter of equal protection or of due
process--to a free transcription of prior proceedings for use in pursuing post-conviction
habeas corpus relief."); see, e.g., In re Carothers, No. 09-03-00558-CV, 2004 WL 100547

(Tex. App.--Beaumont Jan. 22, 2004, orig. proceeding)(mem. op.)(relator failed to
demonstrate that the duplicate record prepared for his appeal still existed at time of request
for record). 

 The relator has not shown that he is entitled to mandamus relief. Accordingly, the
petition for writ of mandamus is denied. 

 PETITION DENIED.

 PER CURIAM

Opinion Delivered January 21, 2010

Before McKeithen, C.J., Gaultney and Kreger, JJ.