

# NUMBER 13-12-00032-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LOUIS A. OLIVAREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Louis A. Olivarez, pro se, filed a petition for writ of mandamus in the above cause on January 20, 2012, asking this Court to direct the respondent, the Honorable W. C. Kirkendall, Presiding Judge of the 2nd 25th District Court of Lavaca County, Texas, to hear and grant relator's motion to obtain copies of the trial transcripts and all court records pertaining to relator's criminal conviction in trial court cause number 02-01-8553CR. According to the petition, relator has exhausted his state court remedies and is seeking these records for the purposes of filing a motion for new trial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

based on newly discovered evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 40.001 (West ) ("A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial."). We deny the petition for writ of mandamus for the reasons stated herein.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In this case, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally id.* R. 52.3. The petition is defective

because, inter alia, it does not follow the required format for such petitions and it does not include the required certification or certified or sworn copies of "every document that is material to relator's claim for relief." *See id.* R. 52.3(j), 52.7(a).

Relator cites numerous authorities which stand for the proposition that an indigent criminal defendant is entitled to a free copy of the trial record for the first appeal from his conviction. *See, e.g., Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956). However, an indigent criminal defendant is not entitled, either as a matter of equal protection or of due process, to a free record of prior proceedings for use in pursuing post-conviction relief. *United States v. MacCollom*, 426 U.S. 317, 322-23 (1976); *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.—Corpus Christi 2002, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, per curiam order). To obtain a free record for use in a post-conviction proceeding, a relator must show that the proceeding is not frivolous and there is a specific need for the trial records that are sought. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding); *Escobar*, 880 S.W.2d at 783. Relator has not satisfied these requirements.

Finally, we note that relator asserts that he is innocent, which suggests the relief he seeks might properly be addressed through habeas corpus. This Court has no jurisdiction over matters related to post-conviction relief from a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West 2008); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53

S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)  Accordingly, if relator is seeking post-conviction habeas relief from a final felony conviction, we are without jurisdiction to issue mandamus.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Accordingly, relator's petition for writ of mandamus is denied.  *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 23rd
day of January, 2012.