

# NUMBER 13-15-00140-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JAIME GONZALEZ BATH

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Jaime Gonzalez Bath, proceeding pro se, filed a petition for writ of

mandamus in the above cause on March 30, 2015, asking this Court to compel the trial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

court to issue a ruling on relator's "Motion to Proceed with Pro Se Application for Free Transcripts and Statements of Facts."[2]

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief with a sufficient record. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see* TEX. R. APP. P. 52.7(a)(1).

When a motion is properly filed and pending before the trial court, the act of considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To obtain mandamus relief compelling a trial court to rule on a properly filed motion, a relator must provide a record demonstrating that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused or failed to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). The relator must show

---

[2] This original proceeding arises from trial court cause number 94-CR-1262-A in the 28th District Court of Nueces County. Relator's conviction in that cause has already been addressed by direct appeal. *See Bath v. State*, 951 S.W.2d 11, 14 (Tex. App.—Corpus Christi 1997, pet. ref'd).

that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Merely filing a matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228. The trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661; *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex.App.-El Paso 2006, orig. proceeding).

Relator has failed to meet his burden to furnish this Court with a record supporting his claim for mandamus relief. *See In re Blakeney*, 254 S.W.3d at 662; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228. The record in this case fails to include, inter alia, a file-stamped copy of the motion, file-stamped copies of the letters through which relator attempted to obtain a ruling, and responses, if any by the clerk or trial court. Relator has not furnished us with a copy, file-stamped or otherwise, of his motion. The only documents provided by relator are copies of correspondence dated July 8, 2014, August 27, 2014, and October 15, 2014, that relator allegedly sent to either to the District Clerk of Nueces County or the 28th District Court, requesting rulings on relator's motion. These documents are not file stamped. The record fails to show that the motion was properly filed, has been pending a reasonable time, that relator requested a ruling on the motion, that the trial court was aware of the motion, and that the trial court failed or refused to rule.

3

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain relief.[3]  Accordingly, the petition for writ of mandamus is DENIED.  Within the petition for writ of mandamus, relator filed a "Motion for Leave to File Application for Writ of Mandamus."  Relator's motion for leave to file his petition for writ of mandamus is dismissed as moot.  The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding.  *See generally* TEX. R. APP. P. 52 & cmt.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of April, 2015.

---

[3] We note that a criminal defendant is not entitled to a free copy of the record once he has exhausted his state appeals, absent some compelling, recognized reason. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 784 (Tex. App.—Houston [1st Dist.] 1993) (order).