

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00054-CR

---

JAMES WESLEY BROOKS JACKSON                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1283854R

----------

## MEMORANDUM OPINION[1]

----------

Appellant James Wesley Brooks Jackson filed a notice of appeal, attempting to appeal from the denial of a "motion to obtain trial transcripts and statement of facts."[2]  In a letter dated February 25, 2016, we notified Appellant

---

[1]*See* Tex. R. App. P. 47.4.

[2]We have previously held that an indigent defendant is not entitled to a free transcript "merely to search for errors on which to base a post-conviction collateral attack."  *Eubanks v. Mullin*, 909 S.W.2d 574, 577 (Tex. App.—Fort

that we were concerned that we lack jurisdiction over his appeal because the trial court had not entered an appealable order. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *see also Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.) (holding that appellate court has no jurisdiction over appeal from trial court's order denying request for a copy of the record unless the order is in conjunction with an appeal over which it has jurisdiction). We stated that unless Appellant or any party desiring to continue the appeal filed a response with this court on or before Monday, March 7, 2016, showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); 44.3.

Appellant timely responded to our jurisdiction letter by filing a "First Motion For Extension Of Time To Show Grounds For Continuing Appeal Of Court[']s Decision To Deny Request For A Free Copy Of The Records," in which he sought a ninety-day extension to file a response to our jurisdiction letter. We granted the motion in part and ordered that Appellant's response stating grounds for continuing the appeal was due no later than Monday, May 23, 2016.

Appellant timely filed his response on May 5, 2016, but did not provide us with any basis of jurisdiction over his claim that the trial court erred in denying his motion to obtain a free copy of his trial transcript. Rather, Appellant reiterated his

---

Worth 1995, no pet.) ("We hold that an indigent criminal defendant is not entitled—either as a matter of equal protection or of due process—to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief.") (citing *United States v. MacCollom*, 426 U.S. 317, 322–23, 96 S. Ct. 2086, 2090, 2093 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.)).

2

argument that he is entitled to a free copy of the transcript under his rights to due process and equal protection but did not provide us with any basis of jurisdiction over this appeal.[3]

Having found no basis for jurisdiction, we dismiss this appeal.

PER CURIAM

PANEL:  SUDDERTH, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 9, 2016

---

[3]We note that, in his notice of appeal, Appellant stated that he was convicted of capital murder on March 1, 2013, and filed a notice of appeal of that conviction.  According to our records, that appeal, Case No. 02-13-00097-CR, was transferred to the court of appeals of Texarkana in April 2013. *See* Tex. Gov't Code Ann. § 73.001 (West 2013).  The Texarkana court affirmed Appellant's conviction by an opinion and judgment issued February 4, 2014. *Jackson v. State*, 424 S.W.3d 140 (Tex. App.—Texarkana 2014, no pet.). Appellant admitted in his notice of appeal that a copy of the reporter's record and the clerk's record were provided to his attorney in that appeal.