

**NUMBERS 13-18-00428-CR & 13-18-00429-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**IN RE RAYMOND DEBA**

---

**On Petition for Writ of Mandamus.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides[1]**

Relator Raymond Deba, proceeding pro se, filed a petition for writ of mandamus in the above causes on August 6, 2018, seeking to compel the trial court to provide him with copies of various trial records. Relator seeks documents from trial court cause numbers 08-08-4438-CR and 08-08-4437-CR in the 24th District Court of Goliad County, Texas, and his requests for relief in these cases are docketed in our Court respectively as cause numbers 13-18-00428-CR and 13-18-00429. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator has failed to meet his burden to obtain mandamus relief. First, the petition for writ of mandamus generally fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Second, an indigent criminal defendant

2

is generally not entitled to a free transcription of prior proceedings for use in pursuing post-conviction habeas relief. *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.—Corpus Christi 2002, orig. proceeding); *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, order); *Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.—Fort Worth 1995, orig. proceeding). Neither federal due process nor equal protection requires the State to furnish a free record to an indigent prisoner. *See In re Coronado*, 980 S.W.2d at 693; *Escobar*, 880 S.W.2d at 784.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought, and the petition for writ of mandamus should be denied. See Tex. R. App. P. 52.8. Accordingly, the petition for writ of mandamus in each of these causes is DENIED.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of August, 2018.