

IN THE
TENTH COURT OF APPEALS

No. 10-17-00426-CR

IN RE JENNIFER LEIGH ALVAREZ

Original Proceeding

## MEMORANDUM OPINION

In this original proceeding, Relator Jennifer L. Alvarez seeks a writ of mandamus compelling Respondent, the Honorable Lee Harris, Judge of the 68th District Court of Hill County, to hold a hearing on her application for a free court reporter's record to use in preparation of a post-conviction writ of habeas corpus.[1] We deny Relator's petition.

As there is no record beyond what is attached to Relator's petition, we will assume for purposes of this memorandum opinion that the facts she relates are true. Alvarez was

[1] The petition for writ of mandamus has several procedural deficiencies. It does not comply with Rule 52.7(a) of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.7(a). It also lacks a proper proof of service; a copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id*. 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only. *Id*. 2.

convicted of murder. She then accepted a thirty-year sentence and waived the right to appeal. Alvarez asserts that she has discovered numerous circumstances that she believes will support an application for a writ of habeas corpus. In order to complete her post-conviction application, Alvarez sought a reduced-fee record from the court reporter who transcribed her trial. After the court reporter declined her request, Alvarez sought a free or reduced-fee reporter's record from Judge Harris. Judge Harris also declined to grant her request. Alvarez initiated the instant petition for mandamus requesting that Judge Harris be directed to conduct a hearing on her application.[2]

The traditional test for determining whether mandamus relief is appropriate requires a relator to establish the following: "First, he must show that he has no adequate remedy at law to redress his alleged harm. Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Relief will be denied if the relator fails to satisfy either prong. *Id.*

A trial court has the discretion to deny a request for a free record for use in preparing a post-conviction writ application. *In re Cross*, No. 09-14-00289-CR, 2014 WL 4105076, at *1 (Tex. App.—Beaumont Aug. 20, 2014, no pet.) (orig. proceeding) (mem. op., not designated for publication). This is because an indigent defendant does not have the

---

[2] In her petition, Alvarez seeks to have the case remanded with instructions to Judge Harris to conduct a hearing on Alvarez's original motion objecting to the costs of the transcripts. In her motion for leave to file a petition for writ of mandamus, Alvarez notes that she seeks leave to file a petition for mandamus in order to compel Judge Harris to vacate his denial of her request for a free transcript and to set a reasonable fee.

right to a free trial record to assist him in preparing a collateral attack of his conviction. *In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014).

> An indigent criminal defendant is not entitled—either as a matter of equal protection or of due process—to obtain a free statement of facts in order to assist in preparation of a petition for writ of habeas corpus absent a showing that the habeas corpus action is not frivolous and there is a specific need for the trial records which are sought.

*In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, no pet.) (orig proceeding); *see also Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.—Fort Worth 1995, no pet.) (defendant "not entitled to a free transcript merely to search for errors on which to base a post-conviction collateral attack.").

The record before us does not show that Alvarez demonstrated to Judge Harris a "specific, compelling reason" for her request for a free record, nor that she presented anything that would require Judge Harris to hold a hearing. *See In re Whitfield*, 2018 WL 2437195, at *1 (Tex. App.—Waco May 30, 2018, no pet.). As Judge Harris's actions were discretionary, Alvarez has not established the right to mandamus relief.

Accordingly, Alvarez's petition for writ of mandamus is denied.

Alvarez additionally requested leave to file her petition and a request to expedite her petition. Alvarez's motion for leave to file petition for writ of mandamus is granted by the Court, and her request to expedite adjudication is denied as moot.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition and orders denied
Opinion delivered and filed January 9, 2019
[OT06]

