

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00147-CR

_____

IN RE TYSON KOTARA, RELATOR

Original Proceeding
Arising From Proceedings Before the 137th District Court
Lubbock County, Texas
Trial Court No. 2015-407,934; Honorable John "Trey" J. McClendon III, Presiding

May 31, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Relator, Tyson Kotara, an inmate proceeding *pro se* and *in forma pauperis*, seeks

a writ of mandamus to compel the Honorable John "Trey" J. McClendon III to provide him

with a copy of trial records in trial court cause number 2015-407,934 on a "loan" basis so

that he may prepare an application for a writ of habeas corpus.[1]  For the reasons expressed herein, we deny Relator's request.

Relator is incarcerated in the Bridgeport Unit of the Texas Department of Criminal Justice following his conviction for possession of a firearm by a felon.[2]  Since January 26, 2021, he has been attempting to obtain a copy of a "DVD/CD of video and all pictures" with the complete trial court record on a "loan" basis.  In total, he has filed three motions and made several inquiries regarding those motions.  Relator has included copies of those motions with his petition for writ of mandamus which include the following:  (1) *Motion to Inspect Public Court Record*, (2) *Motion Requesting Post Conviction Discovery*, and (3) *Motion to Compel Attorney to Produce Client File*.  Except for the motion to compel which is file-stamped June 21, 2021,[3] the other two motions included with Relator's petition are not file-stamped and the *Certificate of Service* in each motion is not dated.

Finally, on July 22, 2021, Relator corresponded with the District Court Administrative Office of the 137th District Court requesting that a hearing date be set on his pending motions.  His letter is file-stamped September 7, 2021.  All of Relator's requests have gone unanswered.[4]

---

[1] Relator recently sought a writ of mandamus against the Lubbock County District Clerk for the same reason.  That petition was dismissed for want of jurisdiction.  *See In re Kotara*, No. 07-22-00092-CR, 2022 Tex. App. LEXIS 2818, at *3 (Tex. App.—Amarillo April 27, 2022, orig. proceeding).

[2] TEX. PENAL CODE ANN. § 46.04(a).

[3] Relator alleges that his former attorney is "attempting to stall [his] habeas challenge to his conviction and sentence based on ineffective assistance of counsel."

[4] On February 4, 2021, the Lubbock County District Attorney's office advised Relator by letter that its office was "not required to respond to a request made by an individual imprisoned or confined in a correctional facility."

**MANDAMUS STANDARD OF REVIEW**

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

**ANALYSIS**

When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—

San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Ex parte Barnes*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

An indigent defendant is entitled to a free record for purposes of a direct appeal but not for purposes of a collateral attack such as a writ of habeas corpus. *In re Evans*, No. 07-18-00256-CV, 2018 Tex. App. LEXIS 5476, at *3 (Tex. App.—Amarillo July 18, 2018, orig. proceeding); *In re Sanders*, No. 07-14-00035-CV, 2014 Tex. App. LEXIS 2335, at *3 (Tex. App.—Amarillo Feb. 27, 2014, orig. proceeding). Generally, a defendant is not "entitled—either as a matter of equal protection, or of due process—to a free transcription of prior proceedings" to use in pursuing post-conviction relief. *See Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

To obtain a free copy of a record, an inmate must show that the habeas corpus proceeding is not frivolous and *must show a particularized need* for the record being sought. *Id.* at 784. (Emphasis added). A particularized need has been described as a violation of a right that allegedly occurred during trial. *Id.* Additionally, a relator must make a specific showing of the issues to be raised in a habeas proceeding and a specific need for the record to demonstrate the right to relief, including his inability to pay for a record. *In re Olvera*, Nos. 14-18-00786-CR, 14-18-00787-CR, 2018 Tex. App. LEXIS 7710, at *2 (Tex. App.—Houston [14th Dist.] Sept. 20, 2018, orig. proceeding).

Relator contends that an unreasonable amount of time has passed since he filed his motions. We do not disagree with his contention. However, the limited record before

us does not show that Relator has established a particularized need for the record he seeks. Relator's naked allegation of ineffective assistance of counsel in his *Motion to Compel Attorney to Produce Client File* may be inadequate to justify obtaining a free record for purposes of a collateral attack on his conviction. Generally, an allegation of ineffective assistance of counsel does not normally appear in the transcription of trial proceedings and providing a free record to Relator may not assist him in his pursuit of relief via an application for a writ of habeas corpus. *See Eubanks v. Mullin*, 909 S.W.2d 574, 576 (Tex. App.—Fort Worth 1995, orig. proceeding) (citing *United States v. MacCollom*, 426 U.S. 317, 327, 96 S. Ct. 2086, 48 L. Ed. 2d 666 (1976)). Until such time as Relator demonstrates to the trial court that he has "a particularized need" for the record he seeks, a writ of mandamus will not lie.

### CONCLUSION

Relator's *Petition for a Writ of Mandamus* is denied.

Patrick A. Pirtle
Justice

Do not publish.